By the Court.

We cannot perceive sufficient distinction between *249 the present case and that of the Andover, &c., Turnpike vs. Gould, to justify us in giving to this a #different decision. By the act concerning manufacturing corporations, the sale of the shares of those proprietors who are delinquent in paying their assessments is the only remedy provided for the corporation ; and the provision is made in almost the very same words as are used in the general act respecting turnpike corporations.
In the case cited from Espinasse, the penalties or assessments were set upon the persons, not upon the shares, as is the case under our statutes. Nor does it appear that any specific mode was provided in those cases to enforce payment; whereas it was laid down by Chief Justice Parsons, in delivering the opinion of the Court in Gould’s case, before referred to, “ as a rule founded in sound reason, that, when a statute gives a new power, and at the same time provides the means of executing it, those who claim the power can execute it in no other way.”
The remedy provided for creditors of these manufacturing corporations, against the bodies and estates of the individual corpora-tors, does not prove that the corporations have the same remedy against their members.
It is true that a private company of merchants, not incorporated, have their remedy against one of their company who does not furnish his agreed share of the stock; but all the rights and duties of such an association aré by the common law; whereas the plaintiffs’ are created by statute, and must derive all their rights and remedies from the provisions of the statute.

Plaintiffs nonsuit.