Shaw C. J.
The Court are all of opinion that the estate of the intestate, in the hands of the administrator, was not chargeable for the deficit in the funds of the corporation.
One way to test this question is, to consider the appellant not as a member and agent of the corporation, but as an administrator called upon, either by a creditor or by the company, to pay a contributory share to make good this deficit; it seems clear that he would not be liable. The individual liability of stockholders, created by the statute of 1808, was of a particular and limited character, and could only be enforced in the manner pointed out by the statute. It did not constitute a charge upon the estate of a deceased stockholder. Child v. Coffin, 17 Mass. R. 64. It did not subject a living stockholder to a general liability for assessments, but only authorized the company to sell the share, for payment of the assessments. Franklin Glass Co. v. White, 14 Mass. R. 286. The géneral liability created by St. 1821, c. 38, cannot affect the question, because it extends only to corporations to be thereafter created. There was then not merely a want of remedy against the estate of a deceased stockholder, as suggested in argument, which the administrator might waive taking advantage of, if he saw fit, but there was no legal liability.
An administrator can be allowed to apply the assets in his hands only to the discharge of the debts and legal obligations of the estate. Where the living members of a corporation, capable of binding themselves by contract, finding the company unable to pay all its debts, agree among themselves to contribute proportionably to their stock, to make good the deficit, such an agreement is highly honorable and equitable, and it is binding upon them ; but its legal obligation results from the agreement, not from any preexisting legal liability. Into such an arrangement an administrator has no authority to enter, so *380 as to bind the estate of" his intestate. If therefore the administrator has advanced money in the present case, in pursuance of such an agreement, he has done it without any lawful warrant therefor, and cannot charge it to the estate in his hands.[1]
We certainly do not intend to say that an administrator may not pay assessments upon shares in banks and other incorporated companies, which are held as part of the assets of the estate under his administration, and charge such payments in his administration account. On the contrary, it may often be his duty to do so.
It not unfrequently happens, that the most important ana valuable part of an estate of a deceased person consists in stocks, and shares in incorporated companies ; and in this respect there is no distinction between manufacturing and other corporations. Such shares may be of great value, and yet liable to a small assessment. By the operation of law, the assessment is a lien upon the share. The share is in the same condition with any other pledged property. If it is of more value than the amount of the assessment, it is the duty of the administrator to pay the assessment and redeem the share for the benefit of the estate. The duty of the administrator in such case is indicated by the interest of the estate with which he- is intrusted. And even if the share should fall in value in ^is hands, after such redemption, if he shall appear to have acted with good faith and with a just regard to the best interests of the estate, he would undoubtedly be protected.
But where the shares are confessedly of no value, and will be of no value after the assessment may have been paid, an administrator is not at liberty to take money out of the general assets of the estate, to pay such assessment.

Decree of the judge of probate affirmed and proceedings remitted.

 See Cutler v. Middlesex Factory Company, 14 Pick. 483.