JOSEPH KLEIN, Appellant, *v.* THE ALTON AND SANGAMON RAILROAD COMPANY, Appellees.

### APPEAL FROM SANGAMON.

A party subscribing for stock, if he pay the required instalment before the books are closed, will be held to pay the residue, although he did not pay on each share at the time of taking the stock.

A subscriber for stock cannot rescind his contract by forfeiting the payment made thereon; the right of forfeiture belongs exclusively to the corporation, to be used at its election; as the corporation may resort to the common-law remedy of an action, on the express promise to pay the amount of the subscription.

THIS action was, like the preceding case, brought to recover the amount of subscription due on five shares of stock, subscribed for by Klein, in the books of the Alton and Sangamon Railroad Company. The terms of subscription will be found in the case of Banet. The case was decided by DAVIS, Judge, without the intervention of a jury, at November term, 1851, of the Sangamon Circuit Court. The facts appear in the opinion of the court.

S. T. LOGAN and E. B. HERNDON, for appellant.

A. LINCOLN, for appellees.

TREAT, C. J. This record presents the same state of facts as the preceding case against Banet, except in the following particulars. It did not appear that the defendant had any interest in property, the value of which would be affected by the location of the road through New Berlin. He subscribed for five shares of the capital stock, received a certificate therefor, and gave his

promissory note to the agent of the commissioners, for the amount of the five per cent. required to be paid by the charter. He paid the note before the books of subscription were closed. The action was brought to recover five instalments due on his stock on the 10th of December, 1850, amounting to thirty-five dollars per share; the corporation had judgment for $175. But two questions are made, which did not arise in the case already decided.

*First.* It is insisted that the subscription was absolutely void, because five dollars on each share was not paid when the stock was subscribed. We shall not now enter into the discussion of that proposition. The case must be decided against the defendant, whatever may be the law upon that question. The payment of the money before the books of subscription were closed, concluded him from raising any such objection. Beyond all doubt, he became a subscriber when the payment was made. His contract was then complete, and his liability fixed. The fact that his name already appeared on the books as a subscriber, may be left entirely out of consideration. And so of the giving of the note. If his name had been written in the books without authority, and he had afterwards, and while the books remained open, paid the five per cent. required by the charter, he would, from that moment, be estopped from denying that he was a stockholder. So in this case, if he was not originally a subscriber, he certainly became one when he paid the money. He entered into a binding obligation, when he made the payment, which he cannot now repudiate.

*Second.* The defendant claimed the right to rescind the contract of subscription, by forfeiting the payment made on the stock. There is no force in this position. The right of forfeiture belongs exclusively to the corporation. It was conferred as an additional remedy, to enforce payment from stockholders. The corporation may waive or insist upon a forfeiture. It may, at its election, pursue the cumulative remedy of a forfeiture of the stock of a subscriber in default, or resort to the common-law remedy, of an action on the express promise to pay the amount of the subscription. This principle is abundantly sustained by authority. Herkimer M. and H. Co. *v.* Small,

21 Wend. 273; Hartford and New Haven Railroad Co. v. Kennedy, 12 Conn. 499; Gray v. Turnpike Co. 4 Randolph, 578; Instone v. Frankfort Bridge Co. 2 Bibb, 576; Stokes v. Lebanon and Sparta Turnpike Co. 6 Humphrey, 241; Freeman v. Winchester, 10 S. & M. 577; Selma and Tennessee Railroad Co. v. Tipton, 5 Alabama, 787.

The judgment is affirmed. *Judgment affirmed.*