MECHANICS' FOUNDRY AND MACHINE COMPANY *vs.* BENJAMIN HALL.

Bristol.   Oct. 25. — Nov. 20, 1876.   DEVENS & LORD, JJ., absent.

After a sale of shares of stock in a corporation under the St. of 1870, c. 224, § 28, for non-payment of assessments, no action can be maintained against the stockholder for a balance due thereon.

CONTRACT to recover the balance due on certain assessments made by the plaintiff corporation on its shares of stock standing in the defendant's name.

At the trial in the Superior Court, before *Allen*, J., without a jury, it appeared that articles of association were drawn up, a copy of which is printed in the margin,* which were signed by the defendant and others, and the figures $5000 were set against

---

* " We, whose names are hereto subscribed, do by this agreement associate ourselves with the intention to constitute a corporation according to the provisions of the two hundred and twenty-fourth chapter of the Acts of the General Court of the Commonwealth of Massachusetts, passed in the year eighteen hundred and seventy, approved May ninth in said year.   The name by which the corporation shall be known is Mechanics' Foundry & Machine Co.   The purpose for which the corporation is constituted is to carry on the foundry and machine business.   The city within which the corporation is established or located is the city of Fall River within said Commonwealth. The amount of its capital stock is one hundred thousand dollars.   The par value of its shares is one hundred dollars.   The number of its shares is one thousand.   In witness whereof we have hereunto set our hands this fifth day of September, in the year eighteen hundred and seventy-one."

the defendant's name, indicating the amount of stock or number of shares which he was to take in the corporation to be formed in accordance with the articles of association. It further appeared that the corporation was duly organized in accordance with said articles, and a certificate of incorporation under the St. of 1870, *c.* 224, § 11, was issued to it, wherein the capital was expressed as $100,000.

The defendant was present at one or more meetings of the corporation after its organization, taking part in the same, and notice of the assessments was duly sent to him. The assessments remained unpaid for more than thirty days after they became due, and the stock standing in the defendant's name was duly advertised and sold by public auction, after the expiration of the thirty days, for the unpaid assessments, and the balance remaining after deducting the amount received from the sale was the sum sought to be recovered. There was no other promise or agreement of the defendant to pay the assessment, than that contained in the agreement of association.

The defendant introduced no evidence, but contended upon the above facts that he was not liable as matter of law, and requested the judge to rule " that the defendant, by subscribing for and taking shares in the plaintiff corporation, came under no personal obligation to pay for any assessments laid on such shares, and that the only remedy of the corporation to obtain payment therefor was by a sale of the shares in respect to which they were made." The judge so ruled, and found for the defendant; and the plaintiff alleged exceptions.

*J. M. Morton, Jr.*, for the plaintiff, cited *Hartford & New Haven Railroad* v. *Kennedy*, 12 Conn. 499; *Rensselaer Plank Road Co.* v. *Barton*, 16 N. Y. 457, note; *Dayton* v. *Borst*, 31 N. Y. 435; *Merrimac Mining Co.* v. *Levy*, 54 Penn. St. 227; *Fry* v. *Lexington & Big Sandy Railroad*, 2 Met. (Ky.) 314; *Carson* v. *Arctic Mining Co.* 5 Mich. 288; *Merrimac Mining Co.* v. *Bagley*, 14 Mich. 501; *Beene* v. *Cahawba & Marion Railroad*, 3 Ala. 660.

*J. C. Blaisdell*, for the defendant.

GRAY, C. J. It has long been settled law in this Commonwealth that a subscription for a certain number of shares in a corporation subjects the subscriber to those liabilities only which

are imposed by the statute under which the corporation is organized; and that, when the corporation is authorized by law to lay assessments upon shares, and to sell the shares for non-payment of such assessments, and a subscriber has not expressly promised to pay assessments, no such promise can be implied, so as to enable the corporation to maintain an action against him personally for the amount of an assessment or any part thereof, even if the sum received from a sale of his shares according to the statute has not satisfied the assessment due upon them.

The leading case is *Andover & Medford Turnpike* v. *Gould*, 6 Mass. 40, which arose upon an agreement to take the number of shares set against the subscribers' names, and to be proprietors in a turnpike corporation established under a statute which provided that, when any proprietor of shares should "neglect or refuse to pay any tax or assessment duly voted and agreed on by such corporation," the treasurer of the corporation might sell by public auction the "shares of such delinquent proprietor, sufficient to defray the said tax or assessment, and all necessary and incidental charges," and pay to him the overplus, if any. St. 1804, c. 125, § 10. Chief Justice Parsons, in delivering judgment, said: "This rule of law is, in cases like the present, reasonable. Persons not interested in having the turnpike, either from their situation or private property, may be requested to associate and become corporators. They may not be able to judge of the probable expenses or profits. But if they know that, if the assessments become grievous, they may abandon the enterprise by suffering their shares to be sold, they may on this principle join the association." 6 Mass. 44.

The same rule was afterwards applied to agreements to take shares in a manufacturing corporation created by special charter which made it subject to the provisions of the St. of 1808, c. 65, the fifth section of which provided that any such corporation might "assess upon each share such sum or sums of money as shall be judged by such corporation necessary for raising a capital for the establishment and completion of the object of the incorporation, and for defraying the charges and expenses incident thereto, to be paid to their treasurer at such time or times and by such instalments as shall be directed by the corporation; and if the proprietor of any share or shares shall refuse or neg-

lect to pay any tax or assessment duly voted and agreed on by said corporation," the treasurer might sell by public auction "the share or shares of such delinquent proprietor, sufficient to pay all taxes or assessments which may be then due from said proprietor, with all necessary and incidental charges." *Franklin Glass Co.* v. *White*, 14 Mass. 286. *Chester Glass Co.* v. *Dewey*, 16 Mass. 94. *Ripley* v. *Sampson*, 10 Pick. 371. *Cutler* v. *Middlesex Factory*, 14 Pick. 483. See also *Atlantic Cotton Mills* v. *Abbott*, 9 Cush. 423, 424.

The provisions of §§ 27–29 of the St. of 1870, *c.* 224, under which the plaintiff corporation was organized, are not distinguishable from those of the St. of 1808, *c.* 65. The form of agreement contemplated by § 7, and signed by the defendant in this case, imposes no additional liability. The provision of § 32, that no corporation shall commence the transaction of its business until the whole amount of the capital stock has been paid in in cash, raises no inference that the Legislature intended that the corporation should meanwhile enter upon a course of litigation to compel the payment of subscriptions.

If it had been intended to impose any personal obligation to pay assessments, a distinct provision to that effect would have been inserted, as it has been in the railroad acts. Rev. Sts. *c.* 39, § 53. Gen. Sts. *c.* 63, § 9. St. 1874, *c.* 372, § 45. *Lexington & West Cambridge Railroad* v. *Chandler*, 13 Met. 311. *Troy & Greenfield Railroad* v. *Newton*, 1 Gray, 544. By reënacting, without substantial alteration, the former statute as to the levy and collection of assessments upon shares in manufacturing corporations, the Legislature has unequivocally manifested its intention that the law upon this subject should continue to be as heretofore declared by this court. *Low* v. *Blanchard*, 116 Mass. 272. In view of the course of legislation and judicial decision in this Commonwealth, the suggestion of Chief Justice Parsons, already quoted, that any subscriber might well rely on the right to abandon the enterprise if the assessments should become burdensome, has greatly increased in force, and the adoption of a different rule by this court now would work great injustice.

*Exceptions overruled.*