## KATAMA LAND COMPANY *vs.* ALEXANDER JERNEGAN.

Dukes County.　Oct. 25, 1878. — Jan. 21, 1879.　ENDICOTT & LORD, JJ., absent.

A subscription for shares in a corporation, authorized by law to lay assessments upon shares, and to sell the shares for the non-payment of such assessments, imposes no personal liability upon the subscriber to pay assessments, unless he has expressly promised to do so.

A., with others, signed a paper, which recited that a certain corporation had been incorporated, the capital stock of which was fixed at $50,000, and by the terms of which the subscribers agreed with each other and with the corporation to take the number of shares affixed to their respective names, and to pay therefor $100 a share. Opposite A.'s name was a certain number of shares. The whole number of shares subscribed for exceeded $50,000. At a meeting called for the purpose of organization, a committee was appointed to report the names of the subscribers to the original capital stock of $50,000. The committee reported a list of names not including A.'s. The meeting then voted to increase the stock to $100,000, and that all the subscribers be admitted to the company with the rights and privileges of stockholders under the agreement. A. subsequently paid three assessments on his stock. *Held,* that an action against him on the original paper, for a subsequent assessment, could not be maintained, even if he knew of these votes before paying his assessments.

CONTRACT upon an agreement signed by the defendant and others, to recover an assessment made by the plaintiff corpora tion on ten shares of stock standing in the name of the defendant. The parts of the agreement now material to be stated were as follows : " Whereas, by act of the Legislature of Massachusetts in the year 1872, Erastus P. Carpenter, Joel H. Hills, Grafton N. Collins, and Nathaniel M. Jernegan, their associates

and successors, are created a corporation, under the name of the Katama Land Company, for the purpose of purchasing, holding, improving, and disposing of land in the town of Edgartown, the capital stock of which corporation is fixed at fifty thousand dollars; now, therefore, the undersigned hereby associate themselves together to form said corporation, and severally subscribe for and agree each with the other and with said corporation to take the number of shares in said corporation affixed to their respective names, and to pay therefor the sum of one hundred dollars per share, at such times as shall be determined, upon the organization of said corporation: Provided, however, that the subscription shall not be binding until the whole amount of said capital stock shall have been subscribed." Opposite the defendant's name were written the words "ten shares." ·

Trial in the Superior Court, before *Rockwell*, J., who ruled that the plaintiff could not maintain the action upon the evidence introduced by it, and reported the case for the consideration of this court. The nature of the evidence appears in the opinion.

*J. Brown*, for the plaintiff.

*T. M. Stetson & F. B. Greene*, for the defendant.

MORTON, J. It is the well settled law of this Commonwealth, that a subscription for shares in a corporation, authorized by law to lay assessments upon shares and to sell the shares for the non-payment of such assessments, does not impose any personal liability upon the subscriber to pay assessments upon the shares, unless he has expressly promised to do so. *Mechanics' Foundry & Machine Co.* v. *Hall*, 121 Mass. 272, and cases cited. This action, therefore, can only be maintained upon the ground that the subscription paper signed by the defendant binds him to pay the assessment sued for.

The subscription paper provides that whereas the Katama Land Company has been incorporated, " the capital stock of which corporation is fixed at fifty thousand dollars; now, therefore, the undersigned hereby associate themselves together to form said corporation, and severally subscribe for and agree each with the other and with said corporation to take the number of shares in said corporation affixed to their respective names, and to pay therefor the sum of one hundred dollars per share, at such times as shall be determined, upon the organization of said

corporation." The defendant subscribed for ten shares. The contract contains two promises by the defendant; one that he would take ten shares of the par value of one hundred dollars each in a corporation of which the capital is fixed at fifty thousand dollars; and the other, which is collateral to the first, that he would pay one hundred dollars upon each share at such times as should be determined by the corporation. It was one of the essential conditions of each of these promises that the capital stock of the corporation should be fifty thousand dollars. He agreed to take and to pay for one fiftieth part of the capital stock of the corporation. If this action is maintained, he would be required to take one one hundredth part of the capital stock, and this would impose upon him a contract different from that into which he entered. *Atlantic Cotton Mills* v. *Abbott*, 9 Cush. 423.

This is decisive of the case. It appeared at the trial, that, after subscriptions to the capital stock to an amount exceeding fifty thousand dollars had been obtained, the corporators called a meeting for the purpose of organization. The meeting appointed a committee " to report the names of subscribers to the original amount of capital stock of fifty thousand dollars." The committee reported a list of fourteen persons who had subscribed five hundred shares, which list did not include the defendant. He was thus excluded from any right to take part in the organization or management of a corporation having a fixed capital of fifty thousand dollars. He had no right to vote upon the question of increasing the capital stock. This action of the corporation rendered impossible the performance of the condition upon which alone he had promised to take stock and to pay for it, and therefore released him from responsibility upon the subscription paper. The fact that the meeting voted to increase the capital stock to one hundred thousand dollars, and also voted " that all the subscribers be now admitted to the company with the rights and privileges of stockholders under the agreement," could not create any liability of the defendant under the agreement. It is not material to inquire whether those votes, if known to the defendant, taken in connection with his subsequent payment of the first three assessments, would be sufficient evidence of a new agreement on his part to take ten shares in the corporation with

the enlarged capital. Such an agreement is not declared on by the plaintiff.

For the reason stated above, without considering the other objections taken by the defendant, we are of opinion that this action cannot be maintained.     *Judgment for the defendant.*