## New Haven Horse Nail Company *vs.* Linden Spring Company.

Suffolk.   Jan. 27. — July 6, 1886.   Holmes & Gardner, JJ., absent.

A bill in equity, brought by a corporation organized and doing business in Connecticut, against a corporation organized under the laws of that State, and its stockholders, alleged that the plaintiff was a creditor of the defendant corporation ; that the defendant corporation had done business only in Massachusetts, and had no property which could be come at to be attached or taken on execution in an action at law; that the other defendants resided in Massachusetts ; that in paying for their shares of stock, at the organization of the corporation, they paid partly in money, and partly in property at a valuation, which valuation was greatly in excess of the real value of the property, and this fact was known to them ; and that under the laws of Connecticut, independently of any statutory or penal liability, a person subscribing for stock, or becoming a member of a corporation as an original shareholder, becomes liable to the corporation to pay for the shares the par value thereof, which liability is an asset of the corporation, forms a trust fund for the creditors, and may be enforced by any creditor of the corporation.   The bill further alleged that the individual defendants were the organizers of the corporation, and its officers, and were guilty of a breach of trust in not requiring a full payment of the capital stock.   The prayer of the bill was, that the value of the property paid in by the individual defendants be ascertained ; and that they be ordered to pay to the corporation the amount of their respective deficiencies, so that the same could be paid to the plaintiff in satisfaction of his debt.   *Held,* on demurrer, that the bill could not be maintained.

BILL IN EQUITY against a corporation established under the laws of the State of Connecticut, and having its usual place of business at Boston in this Commonwealth, and against David A. Andrews, Ambrose Eastman, and Hubbard W. Tilton, alleging the following facts :

The plaintiff, a corporation established under the laws of the State of Connecticut, and having its usual place of business in that State, is a creditor of the defendant corporation, its claim being evidenced by promissory notes.   The defendant corporation was organized on or about June 23, 1879, with a capital stock fixed at $25,000, divided into two hundred and fifty shares of the par value of $100 each.   The corporation became financially embarrassed in the summer of 1883, but continued to carry on business until February 1, 1884, when it became insolvent. It has no property which can be come at to be attached or taken on execution in an action at law.   The defendants Andrews,

Eastman, and Tilton were the original subscribers to all the capital stock of the defendant corporation, and are the present holders of such stock, and the officers of the corporation.

Under the laws of the State of Connecticut, independently of any statutory or penal liability, a person subscribing for stock in a corporation, or becoming a member thereof as an original shareholder, becomes personally liable to the corporation to pay for said shares to the extent of the par value thereof, and this liability to the corporation to pay in to the same the face value of the stock is an asset of the corporation, and, as such, forms a trust fund for the benefit of creditors, which cannot be destroyed or extinguished by any arrangement between the company and its stockholders except by an actual paying into the company the par value of said stock, either in money or in property having the value of money.

The plaintiff is informed, and believes, that the stock subscribed for by said Tilton, Andrews, and Eastman was paid for by them by certain inventions and letters patent, by cash and machinery, tools, and other personal property; that said letters patent, so paid in as a part of the capital stock and in payment of said shares of stock, were of comparatively little value, the validity of said patent or patents being disputed, and said patent or patents being, for other reasons, of little value; that the value placed upon said letters patent, in reckoning the payment for said capital stock, was very greatly in excess of the real value of said letters patent; that the real value of said letters patent, at the time they were paid in as aforesaid in payment for said stock, did not exceed the sum of $5000; that the valuation placed upon the machinery, tools, and other personal property paid in by said Tilton, Andrews, and Eastman, as aforesaid, in payment for said stock, was very greatly in excess of their real value; that the real value of said machinery, tools, and other personal property did not exceed at the time it was so paid in the sum of $3500; that the amount of cash paid in, in payment for said capital stock, was a very small amount, and did not in all exceed the sum of $1500; that the said defendants Tilton, Andrews, and Eastman well knew the real value of said letters patent and of said machinery and personal property, and that the value of the same, together with the cash paid in, was very much less than

the sum of $25,000, and that the real value of said property and money did not exceed the sum of $10,000.

Under the laws of Connecticut, the defendants Tilton, Andrews, and Eastman became liable, and still continue liable, to make a further payment for their shares of stock respectively. Said amount so due from them is altogether not less than the sum of $15,000. Under the laws of Connecticut, according to the ordinary rules of equity, and independently of any statute, if a stockholder has not paid up the face value of his stock in full, either in money or in money's worth, he can, upon the insolvency of the corporation, be made personally and directly liable, at the instance of any creditor of the corporation, for the amount remaining unpaid or equitably due, with interest, if necessary, from the time of the original subscription for the stock.

The bill further alleged that Tilton, Andrews, and Eastman were the promoters and organizers of the defendant corporation, and, as such, owed a duty to said corporation, and were bound to see that the stock subscribed for was honestly and fully paid for by the persons taking it; that Tilton, Andrews, and Eastman failed to perform their duty as such promoters and officers of said Linden Spring Company, and that they were guilty of a breach of trust in not requiring a full and fair payment of the capital stock; that their allowing the property and money received from themselves to be reckoned above its fair value, and their treating it as full payment for the shares of stock subscribed for by them respectively, is not binding in equity upon creditors of said company, including the plaintiff, and does not take away the liability of said Tilton, Andrews, and Eastman to make such further payment as will suffice to pay this plaintiff what is due to it from the defendant corporation.

The bill further alleged that the defendant corporation has no property whatever in Connecticut, or anywhere outside of this Commonwealth; that all the stockholders and officers of said company are citizens of this Commonwealth; and that the plaintiff has duly demanded payment of the amount due to it, but the demand has been refused.

The prayer of the bill was that an account be taken, and the value ascertained and determined of the patent rights and other property paid in and transferred in payment for the capital stock

subscribed for by Tilton, Andrews, and Eastman, respectively, and that the amount of their respective deficiencies be determined, and a decree made, ordering them, and each of them, to pay the same, or so much thereof as might be necessary, so that the same could be applied in payment of the amount due the plaintiff; and that the amount due to the plaintiff from the defendant corporation be ascertained and determined by a decree of this court ; and for further relief.  The corporation, appearing by attorney, and the other defendants, demurred to the bill for want of equity.

The case was heard, on the bill and demurrer, by *W. Allen*, J., and reserved for the consideration of the full court, such decree to be entered as justice might require.

*H. R. Bailey*, for the plaintiff.

*A. Eastman*, for the individual defendants.

DEVENS, J.   The claim of the plaintiff, a foreign corporation, is upon certain promissory notes signed by the principal defendant, also a foreign corporation.  This latter corporation has no property which can be reached so as to be attached, and the plaintiff seeks to establish, as against the individual defendants, that they are under such a liability to the principal defendant that they may be treated as its debtors, and ordered, as its equitable trustees, to pay their debt to the plaintiff, so far as that may be necessary, in order to discharge the plaintiff's claim against the defendant corporation.  The plaintiff also contends that, by the facts set forth in its bill, it states a case which is good as a creditor's bill under the equity jurisdiction of the court.

The plaintiff does not set forth any contract made by the defendant stockholders, except that they subscribed for and took the capital stock of the corporation.  Nor does it allege any promise made by them in relation thereto, or in regard to the liability which it says they incurred " independently of any statutory or penal liability."  In the absence of any promise, definite in its character, on the part of the stockholders, there can be no liability to the corporation or the creditors of the corporation which does not proceed from the statute of Connecticut under which it is created.

The corporation is one formed under the general laws of that State, and the liabilities of stockholders, or of subscribers for the stock, are such as are prescribed by those laws.  Their

subscription to the stock can have imposed upon them no other liabilities. The allegation of the plaintiff must therefore be interpreted as meaning that the alleged obligation of the subscribers is independent of any statutory or penal liability which is expressed in terms. When no promise is alleged, the only contractual obligation on the part of the subscribing stockholder must be that which arises from this relation. Whether it be expressed in terms, or derived from this relation under the laws of the State of Connecticut, as those laws may be interpreted by competent authority, it is not a common law obligation, but one created by the statute under which the corporation is formed. *Terry* v. *Little*, 101 U. S. 216.

The liability of stockholders in a Connecticut corporation must be determined by the law of that State. *Hutchins* v. *New England Coal Mining Co.* 4 Allen, 580. *Jones* v. *Sisson*, 6 Gray, 288. *Penobscot & Kennebec Railroad* v. *Bartlett*, 12 Gray, 244. *Blackstone Manuf. Co.* v. *Blackstone*, 13 Gray, 488. That the statutes of a State do not operate extra-territorially, *proprio vigore*, will be conceded. How far they should be enforced beyond the limits of the State which has enacted them must depend on several considerations; as whether any wrong or injury will be done to the citizens of the State in which they are sought to be enforced, whether the policy of its own laws will be contravened or impaired, and whether its courts are capable of doing complete justice to those liable to be affected by their decrees.

Where the rights sought to be passed upon and determined are those which arise from the relation between a corporation and its members, they depend upon the local law which exists at the place of its creation, and true policy would seem to require us to leave them to be there determined. The liability which the stockholders are alleged to be under to the corporation and its creditors has little analogy to a debt due according to the generally recognized principles of law. It is of a peculiar character, involving the organic law by which the corporation is created, and requiring local administration. We have heretofore, in similar cases, declined to pass upon and determine the relation existing between a foreign corporation and its members, and the obligation arising therefrom. *Halsey* v. *McLean*, 12 Allen, 438. *Smith* v. *Mutual Ins. Co.* 14 Allen, 336, 341. *Kansas & Eastern*

*Railroad Construction Co.* v. *Topeka, Salina, & Western Railroad,* 135 Mass. 34.

The reasons why we should not, in the case at bar, undertake to enforce the alleged obligations of the members of this corporation appear decisive. They are quite different from those which arise in Massachusetts from a contract to take and subscribe for shares. By our law, as settled by many decisions, in the absence of an express promise to pay for shares, none is created by a mere subscription therefor. Nor is any created by the mere agreement to take shares. No personal liability exists, as the corporation can by law assess such shares, and sell them for non-payment of assessments, which is held to be a sufficient remedy. *Andover & Medford Turnpike* v. *Gould,* 6 Mass. 40. *Andover & Medford Turnpike* v. *Hay,* 7 Mass. 102. *Franklin Glass Co.* v. *White,* 14 Mass. 286. *Ripley* v. *Sampson,* 10 Pick. 371. *Mechanics' Foundry Co.* v. *Hall,* 121 Mass. 272. *Katama Land Co.* v. *Jernegan,* 126 Mass. 155. While a different rule prevails in many States, the grounds upon which these decisions rest have also been approved in others. *Kennebec & Portland Railroad* v. *Kendall,* 31 Maine, 470. *New Hampshire Central Railroad* v. *Johnson,* 10 Foster, 390, 403. *Connecticut & Passumpsic Rivers Railroad* v. *Bailey,* 24 Vt. 465, 473. *Seymour* v. *Sturgess,* 26 N. Y. 134. It does not seem advisable that we should seek to enforce a liability thus differing from any which would have been incurred if the defendants had subscribed for shares of stock in a corporation formed in this State.

Again, the bill alleges that the defendants were bound to have made a full and honest payment for the shares, as subscribed for by them, to the extent of their par value; that they actually paid for the same by a transfer of property, knowingly reckoned by them at a price which exceeded by far its real value; that they are now liable to make further payment for their shares of stock; and that, by the laws of Connecticut, and according to the ordinary rules of equity, any stockholder who has not paid up his stock in full can, upon the insolvency of the corporation, be made personally and directly liable, at the instance of any creditor, for the amount remaining unpaid and equitably due. The individual defendants were the sole stockholders, and also the officers of the corporation, and the transaction by which they

paid for their stock was a transfer of a certain amount of cash, machinery, tools, and other property, together with certain inventions, and the letters patent therefor. It is alleged that, in reckoning the payment, an exaggerated value was knowingly placed upon all these descriptions of property. That, in the absence of fraud, an agreement may ordinarily be made by which stockholders can be allowed to pay for their shares in patents, mines, or other property, to which it is not easy to assign a determinate value, appears to be well settled. The bill does not aver any fraud actually committed, or intended to be committed, upon the public or the plaintiff, by these defendants, by obtaining from those with whom the corporation dealt a false credit. The liability alleged is one due to the corporation, growing out of the relation of these parties to it as stockholders. The extent of that liability, and the mode in which it shall be enforced, and the position in which the stockholders are placed, must be determined by the laws of Connecticut, and by a tribunal that can control the conduct and action of the corporation. The mere appearance by attorney of the defendant corporation does not enable this court so to do.

In a clause subsequent to that we have considered, the plaintiff avers that, as promoters and officers of the corporation, the defendants owed the duty to it to see that the stock subscribed for was fully and honestly paid in; that they failed to perform their duty, and were thus guilty of a breach of trust in not requiring the full and fair payment for the capital stock. No allegation is here made of any fraud committed upon the plaintiff as a creditor of the corporation. That which is set forth is a misfeasance on the part of the officers of the corporation, for which it may be that they are liable in damages to the corporation; but the plaintiff cannot, on this account, hold the defendants as debtors of the corporation who have failed to pay for their stock, which is the ground upon which, in either aspect, its bill proceeds. Nor, if these averments are sufficient to show that the transaction by which simulated payment was made constituted a fraud upon the corporation, would the defendants become the debtors of the corporation, and, as such, liable to pay as stockholders. As the corporation retains that which it has received, even if it were defrauded in the transaction, its remedy would,

according to the ordinary rule of law, be in damages for the wrong it had sustained from these stockholders. *Foreman* v. *Bigelow*, 4 Cliff. 508. The bill does indeed aver that, by the law of Connecticut, the defendants in such a case are liable as stockholders for a further payment upon their stock, so as to make it a full and honest payment. If such is the local law of Connecticut, and if such a liability may be treated as a debt, this law varies so much from that which ordinarily obtains in regard to similar liabilities, and also in the enforcement of contracts, that we are compelled to leave it to local administration.

*Bill dismissed.*