Farwell v. Wadsworth.

JOHN V. FARWELL

v.

DANIEL F. WADSWORTH ET AL.

35   469
139s  326
35    469
102   518
102   521
102   529

*Creditors' Bill—Corporation—Judgment against—Stockholders in Other States—Recovery from Unpaid Stock—Michigan—Law of May 11, 1877.*

Upon a bill filed to compel the defendant to pay to the complainants the amount due them upon a judgment recovered by them against a mining company, a corporation organized under the laws of another State, it being contended by them that said defendant owned stock in said corporation which had not been paid for, to an extent more than sufficient to pay said claim, this court holds, that under the statute of said State, no personal liability existed on the part of the defendant, and that the decree against him can not stand.

· · [Opinion filed March 10, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon.
LORIN C. COLLINS, Judge, presiding.

Mr. GEORGE F. WESTOVER, for appellant.

In the State of Illinois, unless there be some peculiar cir-
cumstances strongly appealing to equity, which take the case
out of the general rule (as possibly in Hicklin v. Wilson, 104
Ill. 54), no action will lie against a stockholder of an insolvent
corporation, to enforce the payment of his liability for unpaid
stock subscription, unless a court of equity, having jurisdic-
tion over the corporation, shall have taken an account of all
its assets and liabilities, and shall have ascertained the amount
necessary to be paid by each stockholder, to cancel its debt;
and these preliminaries having been adjudged in equity, the
recovery against the several stockholders must be limited to
the amounts stated in the decree.    Lamar Ins. Co. v. Moore,
84 Ill. 576;  Lamar Ins. Co. v. Gulick, 102 Ill. 41;  Patterson
v. Lynde, 112 Ill. 205;  Great Western Telegraph Co. v.
Gray, 122 Ill. 630, and cases cited *post.*

The statute of Michigan under which the corporation at
bar was organized, provides that subscribers for stock shall
be liable to pay calls made upon their subscriptions by the
board of directors; therefore there can be no action against a
stockholder to enforce unpaid subscription for ·stock, without
either an assessment and call by the company, or an order by
some court of competent authority, having jurisdiction of the
corporation, fixing the amount of the liability of the several
stockholders.    Scovill v. Thayer, 105 U. S. 155;  Adler v.
The Milwaukee P. B. M. Co., 13 Wis. 63, and cases cited
below.

It is conceded that, if the appellant be liable for unpaid
stock subscription, it is by virtue of the provisions in the act
of the Legislature under which the corporation was organized.
The laws of Michigan having provided, limited and defined
that liability, and having prescribed a remedy for its enforce-
ment, all other remedies are excluded.

Farwell v. Wadsworth.

The laws of a foreign State operate beyond its territorial limits only *ex comitate*.

The courts of a State, where the laws of such a foreign State are sought to be enforced, will use a sound discretion as to the extent and mode of that comity. They will not permit their tribunals to be used for the purpose of affording remedies which are denied to parties in the jurisdiction of the State that enacted the law, and which tend to operate with hardship on their own citizens and subjects. Rice v. Merrimac H. Co., 56 New Hampshire, 114; Erickson v. Nesmith, 4 Allen, 233; Erickson v. Nesmith, 15 Gray, 221; Patterson v. Lynde, 112 Ill. 196; May v. First Nat. Bank, 122 Ill. 551.

Messrs. Doolittle, McKey & Tolman, for appellees.

A judgment creditor of an insolvent corporation may proceed by creditor's bill on his judgment, against the corporation, and one or more stockholders less than the whole, to recover the amount of his debt, without an account being taken of other indebtedness, without bringing in all the stockholders for contribution, and without "winding up" the corporation. Hatch v. Dana, 101 U. S. 210; Wait on Insolvent Corporations, Sec. 78, and notes; Cook on the Law of Stock and Stockholders, 1st Ed., Sec. 206 B, and note 3, page 192, and authorities there cited; also Secs. 204 and 205, and notes; Ogilvie v. Knox Ins. Co., 22 How. 380; Marsh v. Burroughs, 1 Wood, 468; same case, 10 American Law Register, 718; Bartlett v. Drew, 57 N. Y. 587; Brundage v. Monumental Silver Co., 12 Oregon, 322; same case, 7 Pacific Rep. 314, and cases therein cited and reviewed. 1 Morawetz on Corporations, Sec. 315; 2 Morawetz on Corporations, Secs. 821 and 864; Pierce v. Milwaukee Construction Co., 38 Wis. 253; Ervin v. Oregon R. & N. Co., 20 Fed. Rep. 577–582; Hollingshead v. Woodward, 35 Hun, 410; Pettibone v. McGraw, 6 Mich. 441.

This doctrine approved in Illinois. Clapp v. Peterson, 104 Ill. at page 35, cites and approves Hatch v. Dana, Marsh v. Burroughs and Bartlett v. Drew.

Same cases also cited and approved in Hickling v. Wilson, 104 Ill. 54; Patterson v. Lynde, 112 Ill. 204.

Nor does it make any difference that the corporation is of another State.    Bartlett v. Drew, 57 N. Y. 587.

A distinction is taken between a bill whose object is, not to settle and wind up the affairs of a corporation, but solely to obtain the payment of the plaintiff's judgment, and a case where the object of the bill is to wind up the corporation.

This is a case of the former character, and the law does not cast the burden of litigation to wind up this corporation upon the complainants here, who seek solely to collect their judgment.    See the doctrine very plainly stated in Brundage v. Monumental Silver Co., 12 Oregon, *supra.*

In such a case a court of equity may enforce stock liability, though no regular assessments or calls may have been made by the company; especially in a case like this, where it appears by the evidence that the attempts to enforce calls were rendered futile by the efforts of the representatives of the complainants in this case.

GARY, P. J.  In June, 1881, the Chicago Mining Company was organized as a corporation under the laws of the State of Michigan.  June 23, 1881, six certificates, for one thousand shares each, of stock in the corporation, were issued to "William Sturges, trustee."  Two days later three of them were surrendered by Sturges, and a new certificate for three thousand shares was issued in the name of the appellant.

This certificate was delivered by Sturges to the appellant, as, so far as any evidence shows, collateral security to him for the payment of $17,500.  When that delivery was made does not appear, but it must have been some time later than the day the certificate was issued, the issue having been in northern Michigan, and the delivery in Chicago.  Upon the testimony of the appellant—" My impression is, the stock was transferred to my name.  He subscribed it originally to put it in my name.  It would not be much collateral unless it was,"—the appellees insist, and the Circuit Court found in effect, that in the original issue, Sturges was a trustee for the appellant.  If the appellant was liable on the theory of

that finding and on that alone, its truth might well be questioned.

The appellees are judgment creditors of the corporation, and execution upon their judgment having been returned unsatisfied, have filed this bill to compel the appellant to pay to them so much of the amount unpaid to the corporation on the shares held by him, as will satisfy their judgment. This relief the Circuit Court awarded to them.

It lies at the foundation of the appellees' claim that there should be a personal liability, absolute or contingent upon call of the appellant, to pay to the corporation so much of the par of his shares as had not been paid. Whether he is so liable is to be determined by the law of Michigan.

The 18th section of the act under which the corporation was organized provides that "the board of directors may call in the subscription to the capital stock  *  *  *  by installments  *  *  *  and if a stockholder fails to pay" the stock may be sold in the mode therein stated. It does not appear that there were any subscriptions for the stock of this corporation. The record does not show any promise as in Klein v. Alton & S. R. R., 13 Ill. 514.

The statute does not in terms make the stockholders liable, and at least two of the judges of the Supreme Court of Michigan, as it was organized three years ago, seem to have been inclined to the opinion that there was no such liability. Young v. Erie Iron Co., 65 Mich. 111.

The legislative intent that the board of directors may call is clear enough in the section cited, but it shows no such intent that the stockholders shall be personally liable to pay, upon which supposed intent the Supreme Court of the United States distinguish the case of Webster v. Upton, 91 U. S. 65, from the cases there cited, in which it had been held that no such liability existed.

To the sufficient reason for denying such liability assigned in Mech. F. & M. Co. v. Hall, 121 Mass. 272, may be added as especially applicable here, that the statute of Michigan manifestly contemplates, what the geographical situation of the mining region of Michigan and the commercial relations

of manufacturing cities outside of that State with that region, made probable, if not certain, that in the organization of mining corporations, many of the stockholders would be residents of other States. Can it be supposed that the State of Michigan intended to put its own citizens at a disadvantage by imposing a personal disability, readily enforced against its own citizens by the courts of that State, yielding a cheerful obedience to its laws, while as against other stockholders the remedy must be sought in foreign, and perhaps reluctant, tribunals?

Holding that no such personal liability exists under the statute of Michigan, it follows that the decree appealed from is erroneous, and it is therefore reversed and the cause remanded, with directions to the Circuit Court to dismiss the bill at the cost of the appellees.

*Reversed and remanded.*