Board of County Commissioners of Prowers County,
Plaintiff in Error, v. Pueblo & Arkansas Valley
Railroad Company, Defendant in Error.

1. Statutory Construction.
When a statute gives a new power and at the same time provides the
    means of executing it, the power can be executed in no other way.
2. Taxation—School Taxes.
The power to levy a special tax in a school district of the third class is
    by statute vested in the electors thereof, and cannot be exercised
    by the board of directors.

*Error to the District Court of Prowers County.*

Mr. J. B. Traxler, for plaintiff in error.

Mr. Charles E. Gast and Mr. C. C. Goodale, for defendant in error.

Reed, J., delivered the opinion of the court.

An agreed statement of facts was filed in the court below from which it appears that school district number 18 in the county of Prowers was a school district of the third class; that the defendant had taxable property in the district to the value of $51,425; that on the 4th day of May, 1891, the annual meeting of the electors of the school district was held, and a director elected for the term of three years. At such annual meeting no question in regard to a special school tax was submitted to the electors, and no vote taken. No special meeting of the electors was called or had during the year, consequently such question was in no way submitted to the electors. Some time during the month of May the directors of the district met, and ordered a special district school tax of 7 mills on the dollar on the taxable property of the district. A certificate of such levy was filed with the board of county commissioners (plaintiff in error), the tax assessed with other

taxes. The amount of such special tax against the property of the defendant amounted to $359,98, the payment of which was resisted, an action instituted. Upon the hearing the suit was dismissed.

Only one question is involved: Had the directors the power to make the assessment? The right and power of school districts to assess and collect special taxes for school purposes is purely statutory. No aid in the determination of the question can be gained from outside sources; it can only be determined from the statutory provisions and their construction, according to well known and generally accepted rules.

In sec. 3036, Gen'l Stat., it is ordered, " In districts of the first and second classes the boards, after organization, shall exercise all the powers given to the *electors of districts of the third class as specified in sec. 62 (Gen'l Stat., sec. 3058) of this act.*"

In sec. 3058 it is provided, " *The qualified electors of districts of the third class*, when assembled at any regular or special meeting, shall have power: * * *

" Fourth. To order such tax on taxable property of the district as the meeting shall deem sufficient for any of the following purposes." (Enumerating them.)

Sec. 61 (3057) is as follows:—" In any district of the third class the board of directors may at any time call ·a special meeting of the electors of such district for any of the purposes specified in section sixty-two (62) of this act, and it shall be their duty to call such meeting, if petitioned so to do. by ten (10) legal voters of the district. Notices, specifying the time, place and object of such meeting, shall be posted in three (3) public places, one of which shall be at the place of meeting, at least twenty (20) days prior to the time of holding such meeting."

By sec. 29 of the acts of 1887, p. 398, sec. 67 was amended as follows: " On or before the day.designated by law for the commissioners of each county to levy the requisite taxes for the then ensuing year, the school board in each district shall certify to the county commissioners the number of mills per

dollar which it is necessary to levy on the taxable property of the district, to raise a special fund for any of the purposes specified in section 51 of this chapter, and the county commissioners shall cause the same to be levied at the same time that other taxes are levied, and the amount of such special tax which shall be assessed to each tax-payer of such district, shall be placed in a separate column of the tax-book, which shall be headed 'Special School Tax;' Provided, That a school board of a district of the third class shall not certify, as above, to a higher rate than fifteen mills per dollar."

Also last clause : " And, provided further, That the board of any district may order the levy of not to exceed one tenth of one mill, the proceeds of which shall be used exclusively in the purchase of books for a library, to be open to the public, under such rules as the district board may deem needful for the proper care of the said library."

It will be seen that in districts of the third class the power to levy a special tax is conferred only upon the electors. No power is given the board of directors to levy any special tax, unless the last paragraph of sec. 29 of the act of '87 should be construed as allowing the board to levy the tax of one tenth of one mill for library purposes. Whether it does or does not is not necessary to be determined in this case. According to well established rules of statutory construction, in districts of the third class, the power being vested in the electors, is to the exclusion of the board of directors, and the power could not be assumed without an affirmative provision authorizing it ; none such is found. " When a statute gives a new power and at the same time provides the means of executing it, those who claim the power can execute it in no other way." *Andover & Turnpike Co. v. Gould*, 6 Mass. 40; *Franklin Glass Co. v. White*, 14 Mass. 286.

" Where an act of parliament gives authority to one person expressly, all others are excluded. A special power is ever to be strictly pursued." Potter's Dwar. on Stat. 275.

" A purely statutory authority or right must be pursued in

strict compliance with the terms of the statute." Endlich on Stat. 493 ; *Rex v. Loxdale*, 1 Burr. 145 ; *Rex v. All Saints*, 13 East. 143.

" Statutes by the authority of which a citizen may be deprived of his estate must have the strictest construction, and the power conferred must be executed precisely as it is given, and any departure from it will vitiate the proceedings ; and this is so whether it be in the exercise of a public or private authority, whether it be ministerial or judicial." Potter's Dwar. on Stat. 146 ; *Sherwood v. Reade*, 7 Hill (N. Y.), 431 ; *Striker v. Kelley*, 2 Denio (N. Y.), 323.

These are but a few of the many authorities based upon the well known maxim, " *Expressio unius est exclusio alterius.*" They might be multiplied indefinitely. The power to assess a special tax in school districts of the third class, being by statute conferred only upon the electors, the assumption of the power by the directors was unwarranted and the levy invalid.

The judgment dismissing the action must be affirmed.

*Affirmed.*