McCay, Judge.
The rule is perhaps an arbitrary one, but it is, nevertheless, well settled that a receiver has no right to sue without express authority from the Chancellor; his general authority to collect and keep the assets is not sufficient to justify him in bringing an action: Daniel’s Chancery Practice, 1988, et seq. A receiver is at last only an officer of the Court, and the foundation of the rule, probably is, that it is always for the Court itself to determine whether it shall be dragged into litigation. At law, the party having the legal right to sue is *the proper party, and if one comes suing for the property of another, he must show, as part of his right to recover, the authority he has to come into a Court of law, asserting another’s right. We think this failure to show any authority to sue is fatal to the case of the plaintiff below, and do not go into the other question argued; though we think the evidence of a right of property in the company is strong, and that the order in favor of the Dawson Manufacturing Company does not affect the title. Their claim on the fund by the terms of the order did not cease until they got the cars.
Judgment affirmed.