# CASES

DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

AT THE

## MARCH TERM, 1915.

---

5899. SEABOARD AIR-LINE RAILWAY *v.* BURNS, adm'x.

1. A non-resident who invokes the aid of the courts of this State in enforcing claims against a foreign creditor will be afforded as full justice in the cause as is consistent with the laws and policy of the State. *Reeves* v. *Southern Railway Co.*, 121 *Ga.* 561 (49 S. E. 674, 70 L. R. A. 513, 2 Ann. Cas. 207).

2. The plaintiff was a resident of Alabama. The decree rendered by the United States district court in Missouri, appointing a receiver for the defendant, had no extra-territorial force, and the plaintiff was not bound by it. Linville v. Hadden, 88 Md. 594 (41 Atl. 1097, 43 L. R. A. 222). The appointment of a receiver, of its own force, gives the receiver the right to take possession of the property; but it confers upon him no power to compel the recognition of that right outside the jurisdiction of the court making the appointment. High on Receivers, §§ 47, 241. Where a garnishment is sued out on an attachment, the defendant being a non-resident of the State, the situs of any debt due by the garnishee to the defendant is at the residence of the garnishee in this State. Civil Code, § 5095, *Harvey* v. *Thompson*, 128 *Ga.* 147 (57 S. E. 104, 9 L. R. A. (N. S.) 965, 119 Am. St. R. 373). So far as this case is concerned, the residence of the garnishee is the county in which the garnishee was legally served with the summons of garnishment. *Harvey* v. *Thompson*, 2 *Ga. App.* 569 (60 S. E. 11). The garnishment, being issued upon an attachment, gave the plaintiff a lien upon the funds garnished. *Patterson* v. *Beck*, 133 *Ga.* 701, 709 (66 S. E. 911). The appointment of a receiver in a foreign jurisdiction did not of itself operate to deprive the plaintiff, merely because she was a non-resident, of her right to recover judgment against the garnishee for the amount of her judgment against the defendant, which was less in amount than the admitted indebtedness. See 34 Cyc. 489 et seq.; Catlin v. Wilcox Silver Plate Co., 123 Ind. 477 (24 N. E. 250, 8 L. R. A. 62, 18 Am. St. R. 338); Linville *v.* Hadden, supra; Gray *v.* Covert, 25 Ind. App. 561 (58 N. E. 731, 81 Am.

1

St. R. 117) ; Lichenstein *v.* Gillett, 37 La. Ann. 522, and the cases cited in each.

4. The garnishee's answer set up no legal reason why judgment should not be entered against it, and the court properly granted the motion to enter such judgment.

DECIDED SEPTEMBER 9, 1915.

Garnishment; from city court of Atlanta—Judge H. M. Reid. June 13, 1915.

*W. G. Loving, Tye, Peeples & Jordan,* for plaintiff in error.

*Marion Smith,* contra.

RUSSELL, C. J. Eufaula Burns, an Alabama administratrix, sued out an attachment returnable to the city court of Atlanta, against the St. Louis & San Francisco Railroad Company, for the recovery of damages for the alleged negligent killing, in the State of Alabama, of her intestate, Nesbit Burns. Upon this attachment, on May 29, 1913, garnishment was issued and served upon the Seaboard Air-Line Railway. The garnishee answered that it was indebted to the defendant in certain sums and had in its possession certain cars belonging to the defendant. Later, however, the garnishee, with permission of the court, filed an amendment to its answer, which was, in substance, as follows: It is a nonresident of Georgia and is a citizen and resident of Virginia. Before it was served with the summons of garnishment on May 29, 1913, to wit, on May 27, 1913, the United States district court for the eastern district of Missouri, in a certain equity cause pending therein, had appointed certain receivers for the St. Louis & San Francisco Railroad Company. The defendant was a resident of the eastern district of Missouri, and the court appointing the receiver had jurisdiction of it. The bill under which the receivers were appointed was a general creditor's bill, and it was prayed therein that the rights of the complainant in the bill "and of other creditors of the defendant" might be ascertained and decreed, and that the court might fully administer the entire property and assets of the defendant and enforce the rights, etc., of its creditors. The appointees were made receivers of all the franchises, claims, rights, interest and property of the defendant, and, among other powers conferred upon them, they were authorized and directed to forthwith take possession of and preserve, manage, operate, and use the property and conduct the business of the defendant and collect all moneys due or to become due it. It is further alleged by

the garnishee that by reason of the facts above set out, it became its duty to deliver to the receivers appointed by the court whatever property of the defendant it might have in its possession and to pay over to them its said indebtedness; and the garnishee prayed an order of the city court of Atlanta holding that the property and indebtedness were not within the exigency of the garnishment· which had been served upon it, and that such property and indebtedness had not been reached or affected thereby. The plaintiff, having recovered a judgment against the St. Louis & San Francisco Railroad Company, filed a motion to render a judgment against the garnishee for the amount thereof (the amount of the judgment being for a less amount than the indebtedness admitted by the garnishee), to be satisfied out of the fund admitted by the garnishee to be due by it to the defendant, upon the ground that, as a matter of law, if the facts were as set out in the amended answer of the garnishee, they constituted no legal reason why the fund should not be subjected to the garnishment. The court sustained this motion and rendered judgment against the garnishee; and to this the garnishee excepted.

It is insisted by the garnishee that this court should not aid the efforts of the administratrix, she being a non-resident, to get priority over other creditors who may have suits or claims against the defendant railroad company, by subjecting the money and property in its hands to the payment of her debt. We are of the opinion, however, that having come into our courts and invoked their aid in enforcing her claim, she should be afforded full justice and such rights as are consistent with our laws and the policy of our State. If she were a citizen of Georgia she would certainly have had the right to obtain the judgment that she obtained against the garnishee. Since neither the law nor the policy of the State of Georgia was affected in the plaintiff's assertion of her right, the mere fact that she was a non-resident did not lessen her right to obtain the judgment which the court properly allowed her to take. Of course, if she were a resident of Missouri, she would then be within the jurisdiction of the court appointing the receivers and would be bound by the judgment appointing them.

Our rulings set out in the headnotes to this opinion are supported by authorities there cited, and, we think, are sufficiently explicit without further elaboration.     *Judgment affirmed.*