13222.  OLIVER *v.* BULLOCK, receiver.

1. A chancery receiver has no extraterritorial jurisdiction or power of action, and, therefore, cannot bring suit in a foreign State or jurisdiction. Nor can a statutory receiver institute suit in a foreign State, unless the statute under which he is appointed vests in him title to the property of the insolvent corporation which he represents.

(a) The principles of comity between States do not apply to such a case.

2. Under the foregoing rulings and the facts of the instant case, the plaintiff's petition failed to set forth a cause of action, and the court erred in not dismissing it on general demurrer.
     DECIDED APRIL 11, 1922.

Complaint; from Chatham superior court — Judge Meldrim. December 21, 1921.

Certiorari was granted by the Supreme Court.

In this suit S. H Bullock, as receiver for a banking corporation of the State of Florida, sought to recover from Edgar J. Oliver the amount of an assessment upon 23 shares of stock. The defendant was a resident of Chatham county, Georgia, and the suit was brought in the superior court of that county. The material portions of the Florida statute, under which the receiver was appointed and upon which this action is based, is as follows: " On becoming satisfied, . . upon satisfactory evidence thereof, that any bank . . doing business in this State, under the State laws, has become insolvent and is in default, . . the rights, privileges and franchises shall be subject to be forfeited, and the State Comptroller may forthwith designate and appoint a receiver to take charge of the assets and affairs of such bank. . . Such receiver, under the direction and supervision of the comptroller, shall take possession of the books, records and assets of every description of such bank . . and in his name shall sue for and collect all debts, dues and claims belonging to it, and upon the order of the court of competent jurisdiction may sell or compound all bad or doubtful debts . . on such terms as the court shall direct; and may if necessary to pay the debts of such bank, . . sue for and enforce the individual liability of the stockholders. Such receiver shall pay all money received by him to the State Treasurer, to be held as a special deposit for the use and benefit of creditors. . . The comptroller, immediately upon appointing such receiver, shall serve notice upon the president, or upon any vice-president or cashier . . or other person having the charge or management of any such bank, . . informing him or them in such notice of his action in appointing such receiver, and notifying him or them or it that he will apply on a date therein named, not to exceed ten days from the date of service of such notice, to some circuit judge having jurisdiction over the same, for an order confirming his action and the appointment of a receiver for such banking institution; and such bank . . may at such hearing contest before such circuit judge the rightfulness and legality of such action of the comptroller in appointing such receiver." And further, " Stockholders of every banking company shall be held individually responsible, equally and ratably and not for one another, for all contracts, debts and engagements of such company to the extent of the amount of their stock therein

at the par value thereof in addition to the amount invested in such shares."

The petition alleged that the receiver, in pursuance of his statutory authority, ordered a 100% assessment or levy against the stockholders of the insolvent bank, which was for the full amount of their statutory liability on the stock, and that the defendant, by reason of the provisions of the statute and the assessment against him and the other stockholders, is liable to the plaintiff, as receiver, for the benefit of the creditors of the insolvent bank, in the sum of $2,300.

The defendant demurred both generally and specially to the petition. The court overruled the demurrer and the defendant excepted.

*Oliver & Oliver,* for plaintiff in error. *Eugene Pollard,* contra.

BROYLES, C. J. (After stating the foregoing facts.) As we view this case it is only necessary to consider the general demurrer, for in our opinion the petition failed to set forth a cause of action. The suit was brought in a court of this State by a receiver appointed under and by virtue of a statute of a sister State — Florida — and his appointment confirmed by a court of competent jurisdiction of that State. Such a receiver is without authority to enforce his rights beyond the jurisdiction of the court appointing him. The defendant in error contends that such is not the true rule, and cites, among other authority, in support of this contention, section 9 of the Civil Code of Georgia (1910), which is as follows: " The laws of other States and foreign nations shall have no force and effect of themselves within this State, further than is provided by the Constitution of the United States, and is recognized by the comity of States. The courts shall enforce this comity, until restrained by the General Assembly, so long as its enforcement is not contrary to the policy or prejudicial to the interests of this State." We cannot agree with this contention. This court, notwithstanding this statute, has announced in plain and unambiguous language that it will not recognize the extraterritorial force of a decree of a foreign State appointing a receiver. See *Seaboard Air Line Ry.* v. *Burns,* 17 *Ga. App.* 1 (2) (86 S. E. 270), where it was said: " The plaintiff was a resident of Alabama. The decree rendered by the United States district court in Missouri, appointing a receiver for the defendant, had

no extraterritorial force, and the plaintiff was not bound by it. Linville v. Hadden, 88 Md. 594 (41 Atl. 1097, 43 L. R. A. 222). The appointment of a receiver, of its own force, gives the receiver the right to take possession of the property; *but it confers upon him no power to compel the recognition of that right outside the jurisdiction of the court making the appointment.* High on Receivers, §§ 47, 241." (Italics ours.)

The rule is stated in 4 High on Receivers, § 239, p. 271, as follows: " Upon the question of the territorial extent of a receiver's jurisdiction and powers, for the purpose of instituting actions connected with his receivership, the prevailing doctrine, established by the Supreme Court of the United States and sustained by the weight of authority in various states, is that the receiver has no extraterritorial jurisdiction or power of official action, and cannot, as a matter of right, go into a foreign state or jurisdiction and there institute a suit for the recovery of demands due to the person or estate subject to his receivership. His functions and powers, for the purposes of litigation, are held to be limited to the courts of the state within which he was appointed, *and the principles of comity between nations and states, which recognize the judicial decisions of one tribunal as conclusive in another, do not apply to such a case, and will not warrant a receiver in bringing an action in a foreign court or jurisdiction."* (Italics ours.)

In Booth v. Clark, 17 Howard, 322 (15 L. ed. 164), the Supreme Court of the United States held: " He [the receiver] has no extraterritorial power of official action; none which the court appointing him can confer, with authority to enable him to go into a foreign jurisdiction to take possession of the debtor's property; none which can give him, upon the principle of comity, a privilege to sue in a foreign court or other jurisdiction, as the judgment creditor himself might have done, where his debtor may be amenable to the tribunal which the creditor may seek." Mr. Justice Wayne, who delivered the opinion in the Booth case, gave the following reasons for refusing to recognize the power of a receiver in foreign jurisdictions: " We think that a receiver could not be admitted to the comity extended to judgment creditors, without an entire departure from chancery proceedings, as to the manner of his ap-

pointment, the securities which are taken from him for the performance of his duties, and the direction which the court has over him in the collection of the estate of the debtor, and the application and distribution of them. If he seeks to be recognized in another jurisdiction, it is to take the fund there out of it, without such court having any control of his subsequent action in respect to it, and without his having even official power to give security to the court, the aid of which he seeks, for his faithful conduct and official accountability. All that could be done upon such an application from a receiver, according to chancery practice, would be to transfer him from the locality of his appointment to that where he asks to be recognized, for the execution of his trust in the last, under the coercive ability of that court; and that it would be difficult to do, where it may be asked to be done, without the court exercising its province to determine whether the suitor, or another person within its jurisdiction, was the proper person to act as receiver." The soundness of this ruling was recognized and it was followed in Hale *v.* Allison, 188 U. S. 56 (47 L. ed. 380); Great Western Mining Co. *v.* Harris, 198 U. S. 561, 575 (49 L. ed. 1163); Keatley *v.* Furey, 226 U. S. 399, 403 (57 L. ed. 273); Sterrett *v.* Second Nat. Bank, 248 U. S. 73 (63 L. ed. 135).

Likewise, many of the State courts refuse to recognize upon the ground of comity a foreign receiver suing upon a stockholder's liability. In Stockbridge *v.* Beckwith, 6 Del. Ch. 72 (33 Atl. 620), it was held: "A receiver appointed in Maryland cannot sue in Delaware to recover a debt due the corporation which he represents, from a resident of the latter State." To the same effect see Hunt *v.* Whewell, 122 Wis. 33 (99 N. W. 599, 601); Moreau *v.* Dubellet, (Tex. Civ. App.) 27 S. W. 503; Ayres v. Seibel, 82 Iowa, 347 (47 N. W. 989); Murtey *v.* Allen, 71 Vt. 377 (45 Atl. 572); New Haven Co. *v.* Linden Co., 142 Mass. 349 (7 N. E. 773); Fowler *v.* Lawson, 146 Ill. 472 (34 N. E. 932).

However, the defendant in error contends that the decisions cited above do not apply to the instant case, because the receiver in each of those cases was a *chancery receiver,* whereas the receiver in the present case is a *statutory* one. We cannot concur in this contention. The statute (hereinbefore set out) under which the receiver in this case acts shows clearly that he is a chancery receiver, appointed by virtue of a statute. By the express terms of the statute the comptroller appoints a person to act as receiver;

but a court of competent jurisdiction must confirm the appoint-
ment. Therefore, until the appointment is confirmed, the person
named as receiver by the comptroller is not in fact a receiver. He
derives his power to act from the court confirming his appoint-
ment, for the statute expressly provides that "upon the order of
the court of competent jurisdiction he may sell or compound all
bad or doubtful debts;" and that "on like order he may sell all
the real and personal property of such bank  . .  on such terms
as the court shall direct."

A majority of the cases which we have hereinbefore cited deal
with receivers similar to the one now before us. In the Sterrett
case, supra, the receiver was appointed by virtue of an Alabama
statute, but, under that statute, as under the statute now in
question, the receiver must act under the direction of the court.
In the Hale case, supra, the proceedings were instituted under
a Minnesota statute.

The main (and it might be said the only real) exception to
the general rule that a receiver cannot sue in a foreign juris-
diction is where he is vested with title to the assets of the insol-
vent corporation which he represents. But this exception applies only
to *statutory* receivers. Title may be vested in him either by the
statute under which he is appointed or by some deed or other
conveyance. See Relfe v. Rundle, 103 U. S. 222 (26 L. ed. 337) ;
Keatley v. Furey, supra; Great Western Co. v. Harris, 198 U. S.
561, supra. However, even if it be conceded that the receiver in
the case at bar is a statutory receiver, the facts of the case do not
bring it within the exception. The statute under which the
receiver in the instant case was appointed does not vest in him title
to the property. On the contrary, it prescribes that all money
received by him shall be deposited with the State treasurer as a
special deposit for the benefit of creditors. In fact, paragraph 10
of the petition expressly alleges that this suit is brought for the
benefit of creditors of the insolvent bank. In Hayward v. Leeson,
176 Mass. 310 (57 N. E. 656, 49 L. R. A. 725), where it appeared
that a receiver appointed by a Tennessee court for an insolvent
corporation was authorized by his appointment to collect, take
possession of, preserve, and care for the assets of the corporation,
and dispose of the same under the order of the court, and was
directed to prosecute suits in the courts of Massachusetts for the

purpose of recovering from the promoters of the corporation assets which it was claimed they had unlawfully withdrawn, it was held that none of the proceedings in Tennessee operated as an assignment to the receiver of the choses in action in litigation, and, therefore, that the receiver could not sue thereon in his own name in Massachusetts. In the instant case it is not necessary to decide whether the receiver had authority to bring the suit in his own name.

None of the other reasons advanced by the defendant in error why the judgment of the trial court overruling the general demurrer should be affirmed contain substantial merit; and it follows, from what has been said, that the court erred in refusing to dismiss the petition upon the general demurrer interposed.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*