## BULLOCK, receiver, *v.* OLIVER.

1. While a chancery or statutory receiver can not sue in the courts of a foreign jurisdiction by virtue of his appointment alone, he can do so when he is expressly authorized by statute to sue, or when he is expressly or by necessary implication vested with title, or when he is made a quasi-assignee or representative of creditors.
2. A receiver appointed by the comptroller of Florida under the statute of Florida (Revised General Statutes of Florida, § 4162), to take charge of the assets and affairs of an insolvent bank in that State, can sue in the courts of this State to enforce the statutory liability of stockholders in such bank, the receiver being expressly authorized

by said statute to " sue for and enforce the individual liability of stockholders."

3. The decision of the Court of Appeals, holding that the Florida receiver could not sue in the courts of this State to enforce such liability of a stockholder, is reversed.

No. 3234.    FEBRUARY 20, 1923.

Certiorari; from Court of Appeals. 28 *Ga. App.* 446.

*Eugene Pollard,* for plaintiff.

*Oliver & Oliver,* for defendant.

HINES, J. S. H. Bullock as receiver of the State Bank of Kissimmee, Florida, a bank chartered under the laws of Florida, filed a petition in Chatham superior court against E. J. Oliver, to recover an assessment levied on twenty-three shares of the capital stock of said bank owned by Oliver. This assessment was made under a statute of the State of Florida, the material portions of which will be referred to later. The defendant filed a demurrer to the petition, which was overruled by the court. To this judgment the defendant excepted and took the case to the Court of Appeals. That court reversed the judgment overruling the demurrer. *Oliver* v. *Bullock,* 28 *Ga. App.* 446 (111 S. E. 680). The case is now in this court on writ of certiorari, brought to review the judgment of the Court of Appeals.

The statute of Florida provided that " Stockholders of every banking company shall be held individually responsible equally and ratably, and not for one another, for all contracts, debts, and engagements of such company, to the extent of the amount of their stock therein at the par value thereof in addition to the amount invested in such shares." Florida Revised General Statutes, § 4128. The suit in this case was brought to recover an assessment made upon Oliver under the liability created by this statute. The statute under which this receiver was appointed is as follows: " On becoming satisfied, from the reports furnished to him by a State Bank Examiner, or upon other satisfactory evidence thereof, that any bank, banker, banking firm, banking or trust company or corporation, doing business in this State under the State laws, has become insolvent and is in default, or that the affairs of any bank, banker, banking firm, banking or trust company or corporation doing business in this State under such State laws, is in an unsound condition or threatened with insolvency because of illegal or unsafe investments, or that its liabilities exceed its assets, or that it is transacting business without

authority of law or in violation of law, . . the State Comptroller may forthwith designate and appoint a receiver to take charge of the assets and affairs of such bank, . . and such receiver shall be subject to dismissal by the Comptroller, whenever in his judgment such dismissal is deemed necessary or advisable; when one receiver is dismissed, another may be duly designated and appointed. Such receiver, under the direction and supervision of the comptroller, shall take possession of the books, records, and assets of every description of such bank, . . and in his name shall sue for and collect all debts, dues, and claims belonging to it, and, upon the order of the court of competent jurisdiction, may sell or compound all bad or doubtful debts, and, on a like order, may sell all the real and personal property of such bank, . . on such terms as the court shall direct; and may, if necessary to pay the debts of such bank, . . sue for and enforce the individual liability of the stockholders. Such receiver shall pay all money received by him to the State Treasurer, to be held as a special deposit for the use and benefit of the creditors, subject to the order of the Comptroller. . . The Comptroller, immediately upon appointing such receiver, shall serve notice upon the president, or upon any vice-president or cashier, or upon any director or other person having the charge or management of any such bank, . . informing him or them in such notice of his action in appointing such receiver, and notifying him or them or it that he would apply, on a date therein named, . . to some circuit judge having jurisdiction over the same, for an order confirming his action and the appointment of a receiver for such banking institution; and such bank, banking firm, or banking or trust company or corporation may, at such hearing, contest before such circuit judge the rightfulness and legality of such action of the Comptroller in appointing such receiver." Rev. Gen. Stat. Fla., 1920, § 4162.

The question for decision is whether the Florida receiver could sue to recover, in a court of this State, the assessment so made upon the stockholder in the Florida bank. It is well-settled law that a chancery receiver has no extraterritorial jurisdiction or power of official action, and can not, as a matter of right, go into a foreign State or jurisdiction and there institute a suit for the recovery of demands due the person or corporation whose estate

the receiver is administering; and the court appointing him can not confer upon him authority to go into a foreign jurisdiction and take possession of the debtor's property; nor can the court appointing him, upon the principle of comity, give him the privilege to sue in a foreign court as the judgment creditor himself might have done where his debtor was amenable to the foreign tribunal to which the creditor resorted. Booth *v.* Clark, 17 Howard, 322 (15 L. ed. 164) ; High on Receivers (4th ed.), 271, § 239. A chancery receiver can not sue even in the courts of the State in which he is appointed, unless authorized by an order of the court appointing him (*Screven* v. *Clark,* 48 *Ga.* 41), or unless where he is authorized so to do by statute. Bank of N. A. *v.* Wheeler, 28 Conn. 433 (73 Am. D. 683.)

But where the rights and powers of a chancery receiver are not derived solely from his appointment by the court of another State, and where he is invested by statute with the right of a quasi-assignee or representative of creditors, he can sue upon claims and demands due the insolvent persons whose estate he is administering, not strictly by virtue of his appointment, but by reason of his title and the power conferred upon him by such statute. When the statute expressly confers upon the receiver title, the chancery receiver can sue in the courts of the jurisdiction in which he is appointed and also in the courts of foreign jurisdictions. No one questions this doctrine. 23 R. C. L. 141, § 150. This principle likewise applies where by necessary implication a chancery or statutory receiver is vested by statute with title, or is made the representative of creditors; he being considered, under such circumstances, substantially an assignee. Under the national-bank act (13 Stat. 114, § 50, U. S. Comp. St. § 9821), the comptroller of the currency was authorized. when any association refused to pay its circulating notes, to forthwith appoint a receiver who should "take possession of the books, records, and assets of every description of such association, collect all debts, dues, and claims belonging to such association, and, upon the order of a court of competent juridiction, may sell or compound all bad or doubtful debts, and, on a like order, sell all the real and personal property of such association, on such terms as the court shall direct; and may, if necessary to pay the debts of such association, enforce the individual liability of the stock-

holders provided for by the twelfth section of this act." In construing this act the Supreme Court of the United States held that " A receiver of a national bank, appointed by the comptroller of the currency under the 50th section of the national-bank act, may sue for demands due the bank in his own name as receiver, or in the name of the bank." Bank v. Kennedy, 17 Wall. 19 (21 L. ed. 554). The Florida statute was modeled after the national bank act; and we can look to the construction put upon the latter act to find the meaning of the Florida statute. In Bank v. Kennedy, supra, it was held that the power to take possession of the assets of the bank and to collect debts belonging to it vested the receiver with such title as would enable him to sue in his own name. The Florida statute is stronger than the national-bank act. By this statute the receiver is expressly authorized to " sue for, collect all debts, dues, and claims belonging to " the bank. The power to " sue for and collect " such debts necessarily vested in the receiver title to them, made him the representative of creditors, and a quasi-assignee of the insolvent bank for such purpose.

In Bernheimer v. Converse, 206 U. S. 516 (27 Sup. Ct. 755, 51 L. ed. 1163), the Supreme Court of the United States held that " while a chancery receiver, having no authority other than that arising from his appointment, may not maintain an action in another jurisdiction, a receiver may sue in a foreign jurisdiction to collect statutory liability of stockholders, where the statute confers the right upon the receiver as quasi-assignee." The court draws the proper distinction between the above ruling and the ruling in Booth v. Clark, supra, and similar cases, in this language: " It is objected that the receiver cannot bring this action, and Booth v. Clark, 17 How. 322, Hale v. Allinson, 188 U. S. 56, and Great Western Mining Co. v. Harris, 198 U. S. 561, are cited and relied upon. But in each and all of these cases it was held that a chancery receiver, having no other authority than that which would arise from his appointment as such, could not maintain an action in another jurisdiction. In this case the statute confers the right upon the receiver, as a quasi-assignee and representative of the creditors, and as such vested with the authority to maintain an action. In such case we think the receiver may sue in a foreign jurisdiction." In

Converse *v.* Hamilton, 224 U. S. 243 (32 Sup. Ct. 415, 56 L. ed. 749, Ann. Cas. 1913D, 1292), the same principle was enunciated. As the Florida statute expressly clothes this receiver with power to " sue for and enforce the individual liability of stockholders," he has such title and such authority as enables him to sue in the court of a foreign jurisdiction to recover such claim, not by virtue of his appointment alone, but by virtue of the Florida statute which invests him with title and with the right to sue. So we are of the opinion that the judgment of the Court of Appeals should be reversed; and the case is remanded to that court for further action in conformity with this ruling.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Hill, J., dissenting.*

HILL, J., dissenting.      S. H. Bullock as receiver of the State Bank of Kissimmee, Florida, filed with the Supreme Court a petition for certiorari to the Court of Appeals, to review and correct alleged errors committed by the Court of Appeals in reversing the judgment in favor of the plaintiff in the superior court of Chatham County, Georgia. The plaintiff in his petition alleged, in substance, the following: As receiver of the State Bank of Kissimmee, incorporated under the laws of Florida, he filed his petition in the superior court of Chatham County, Georgia, against Edgar J. Oliver, praying judgment against the latter for the sum of $2300, which was an assessment upon 23 shares of the capital stock in the Bank of Kissimmee, owned by Oliver, and which assessment was made under and pursuant to a statute of the State of Florida, the material portions of which will be set out later. The defendant filed a demurrer to the petition, which was overruled by the court, and the defendant excepted and took the case to the Court of Appeals by writ of error. On April 11, 1922, the Court of Appeals rendered a decision reversing the judgment of the superior court of Chatham County in overruling the defendant's demurrer; and on April 20, 1922, the plaintiff filed notice of his intention to apply for a writ of certiorari. It appears that the State Bank of Kissimmee became insolvent, and a receiver was appointed under the statute of Florida, to wind up its affairs. The receiver levied an assessment upon Oliver for the amount of his stock in the

bank at the par value thereof, and Oliver refused to pay the assessment, and the suit brought by the receiver in Chatham superior court was for the purpose of enforcing the payment of this assessment. The headnotes in the case of *Oliver* v. *Bullock,* decided by the Court of Appeals, are as follows:

" 1. A chancery receiver has no extraterritorial jurisdiction or power of action, and, therefore, can not bring suit in a foreign State or jurisdiction. Nor can a statutory receiver institute suit in a foreign State, unless the statute under which he is appointed vests in him title to the property of the insolvent corporation which he represents.

" (a) The principles of comity between States do not apply to such a case.

" 2. Under the foreging rulings and the facts of the instant case, the plaintiff's petition failed to set forth a cause of action, and the court erred in not dismissing it on general demurrer."

It is insisted by the plaintiff in certiorari, first, that the Court of Appeals erred in holding that the receiver appointed under the laws of the State of Florida could not maintain an action in a court outside of the jurisdiction of his appointment, to enforce his rights as such receiver; and second, that the Court of Appeals erred in deciding that the principles of comity between States did not apply to the instant case. It is argued that the receiver in the instant case is not a chancery receiver, but is a receiver appointed under and by virtue of a statute of the State of Florida. So much of the statute of the State of Florida as is material to an understanding of the present case is here set out: " On becoming satisfied from the reports furnished to him by a State Bank Examiner, or upon other satisfactory evidence thereof, that any bank, banker, banking firm, banking or trust company or corporation, doing business in this State under the State laws, has become insolvent and is in default, or that the affairs of any bank, banker, banking firm, banking or trust company or corporation, doing business in this State under such State laws, is in an unsound condition, or threatened with insolvency because of illegal or unsafe investments, or that its liabilities exceed its assets, or that it is transacting business without authority of law or in violation of law, or if the directors of any bank, banking or trust company or corporation, or any banker, or the manage-

ments of any banking firm doing business in this State under the State laws shall knowingly violate, or knowingly permit any of its officers, agents or servants to violate any of the provisions of law relative to such bank, bankers, banking firms, banking or trust companies or corporations doing business in this State, the rights, privileges, and franchises shall be subject to be forfeited, and the State Comptroller may forthwith designate and appoint a receiver to take charge of the assets and affairs of such bank, and require of him such bond and security as the Comptroller deems proper, not exceeding double the amount that may come into his hands, and such receiver shall be subject to dismissal by the Comptroller, whenever in his judgment such dismissal is deemed necessary or advisable; when one receiver is dismissed, another may duly be designated and appointed. Such receiver, under the direction and supervision of the Comptroller, shall take possession of the books, records, and assets of every description of such bank, banker, banking firm, banking and trust company or corporation, and in his name shall sue for and collect all debts, dues, and claims belonging to it, and, upon the order of the court of competent jurisdiction, may sell or compound all bad or doubtful debts, and, on a like order, may sell all the real and personal property of such bank, banker, banking firm, banking and trust company or corporation, on such terms as the court shall direct; and may, if necessary to pay the debts of such bank, banker, banking firm, banking and trust company or corporation, sue for and enforce the individual liability of the stockholders. Such receiver shall pay all money received by him to the State Treasurer, to be held as a special deposit for the use and benefit of the creditors, subject to the order of the Comptroller, and shall also make report, from time to time, when called upon, to the Comptroller, of all his acts and proceedings. The Comptroller, immediately upon appointing such receiver, shall serve notice upon the president, or upon any vice-president or cashier, or upon any director or other person having the charge or management of any such bank, banker, banking firm, banking or trust company or corporation, informing him or them in such notice of his action in appointing such receiver, and notifying him or them or it that he would apply, on a date therein named, not to exceed ten days from the date of service of such notice, to some

circuit judge having jurisdiction over the same, for an order confirming his action and the appointment of a receiver for such banking institution; and such bank, banking firm, or banking or trust company or corporation may, at such hearing, contest before such circuit judge the rightfulness and legality of such action of the Comptroller in appointing such receiver." The statute of the State of Florida creating the liability on the part of the stockholders is as follows: "Stockholders of every banking company shall be held individually responsible equally and ratably, and not for one another, for all contracts, debts, and engagements of such company, to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares. . ." It is insisted by the plaintiff in certiorari that every power and duty which the receiver has in this case is conferred on him by virtue of the two Florida statutes set out above; that the one last quoted fixes the liability of the stockholders, and that the first provides the method for enforcing such liability.

The question for decision in this case is whether the receiver appointed by the State Comptroller of Florida, and confirmed by the circuit court of Florida, is authorized to bring suit in the superior court of Chatham County, Georgia, for the recovery of the amount which had been assessed against the stockholder, E. J. Oliver, by the State Comptroller of Florida. It seems to be well-settled doctrine in Federal jurisprudence that a mere chancery receiver has no authority to sue in the courts of a foreign jurisdiction to recover demands or property therein situated; and that the functions and authority of such receiver are confined to the jurisdiction in which he was appointed. Sterrett v. Second National Bank, 248 U. S. 73 (39 Sup. Ct. 27, 63 L. ed. 135). Mr. Justice Day, of the Supreme Court of the United States, in rendering the decision in that case, said: " The reasons for this rule were fully discussed in Booth v. Clark, 17 How. 322, and have been reiterated in later decisions of this court. Hale v. Allinson, 188 U. S. 56; Great Western Mining Co. v. Harris, 198 U. S. 561, 575, 577; Keatley v. Furey, 226 U. S. 399, 403. This practice has become general in the courts of the United States, and is a system well understood and followed. It permits an application for an ancillary receivership in a foreign jurisdiction

where the local assets may be recovered and, if necessary, administered. · The system established in Booth *v.* Clark has become the settled law of the Federal courts; and if the powers of chancery receivers are to be enlarged in such wise as to give them authority to sue beyond the jurisdiction of the appointing court, such extension of authority must come from legislation, and not from judicial action. Great Western Mining Co. *v.* Harris, supra." But it is insisted by the plaintiff in certiorari here, as it was in the Sterrett case, supra, that the case is not ruled by the doctrine of Booth *v.* Clark, but, under the Florida statutes and certain decisions relied on, that the title to the property vested in the receiver, or that he is a quasi assignee of the property, and therefore is authorized to sue in the courts of a foreign jurisdiction, in order ·to recover the amount assessed against the stockholder living in the foreign jurisdiction. If this insistence on the part of the plaintiff in certiorari is well founded, as said by Mr. Justice Day in the Sterrett case, there is no question of the authority of the receiver to prosecute the action; citing Relfe *v.* Rundle, 103 U. S. 222 (26 L. ed. 337); Hawkins *v.* Glenn, 131 U. S. 319 (9 Sup. Ct. 739, 33 L. ed. 184); Bernheimer *v.* Converse, 206 U. S. 516, 534 (supra); Converse *v.* Hamilton, 224 U. S. 243, 257 (supra); Keatley *v.* Furey, 226 U. S. 399, 403 (supra).

The rule itself, in cases like the present, seems to be well settled; but the trouble arises from the application of the rule to the facts of a given case. The rule is well stated in 23 R. C. L. 141, § 150, as follows: " It is well settled that a receiver, in the absence of a statutory provision vesting him with rights as quasi assignee or representative of creditors, has no power as of right to sue in the courts of a jurisdiction foreign to that of his appointment, because he is considered merely as an officer of the court which appoints him. Where, however, the rights of such an officer do not rest merely upon his appointment by the court of another State, but there has been an assignment to him, in his official capacity, of the property in question, or by virtue of the statute of such State the title to the property is vested in him, he may, it seems, sue and recover the same, not strictly by virtue of his appointment, but by reason of his title, he being considered, for that purpose, substantially an assignee. The dis-

tinction apparent in all cases is as to whether the receiver has title, or whether he is simply appointed an agent or officer of the court under its general equity powers. In the one case, through comity, he may be allowed to maintain a suit in a foreign jurisdiction, where such a course would not conflict with local policy or the rights of creditors in such jurisdiction; while in others his powers are limited to the jurisdiction of the court appointing him. In the latter case, at least so far as the Federal courts are concerned, the only method for reaching the property or assets of an insolvent corporation in a jurisdiction foreign to that where the receiver in chancery is appointed is by resort to an ancillary receivership where the property or asset sought to be recovered has its situs or where the debtor resides." See also High on Receivers (4th ed.) 281, § 241a, which is as follows: "The rule as above announced has reference to cases of ordinary receivers appointed under general chancery powers, where the receiver is vested with no sort of legal title, but is regarded as a mere custodian of the fund or property while it remains under the control of the court. And where, by the law, or statutes of a State, a receiver is made a quasi-assignee and is thus vested with the title to the fund or property, his right to maintain actions connected with his trust in the courts of States other than that of his appointment is well recognized."

The question therefore arises, whether under the foregoing rules there has been such an assignment to the receiver, in his official capacity, of the property in question, or by virtue of the operation of the statute of Florida the title to the same is so vested in him as that he may sue and recover in another jurisdiction, not by virtue of his appointment as receiver in his own jurisdiction, but by reason of his title, so that he can be considered as substantially an assignee or a quasi-assignee. I have carefully examined the statute of Florida, quoted above, and I find nothing in it, in the light of the decisions of the Supreme Court of the United States or the weight of authority in other jurisdictions, which would warrant the conclusion that title was and is vested in the receiver as assignee, or as statutory successor of the insolvent corporation, in order that he could bring suit as such in a foreign jurisdiction. The statute of Florida, after providing when and under what circumstances a bank has be-

come insolvent, provides that the State comptroller may designate a receiver to take charge of the assets and affairs of the bank under the direction and supervision of the comptroller, and shall " take possession of the books, records, and assets of every description of such bank, . . and in his name shall sue for and collect all debts, dues, and claims belonging to it, and, upon the order of the court of competent jurisdiction, may sell or compound all bad or doubtful debts . . on such terms as the court shall direct; and may, if necessary to pay the debts of such bank, sue for and enforce the individual liability of the stockholders. Such receiver shall pay all money received by him to the State Treasurer, to be held as a special deposit for the use and benefit of the creditors," etc. There is nothing in the express language of the act, or by necessary implication, to warrant the conclusion that the title to any of the assets was to be in the receiver, but he was to take possession of the assets of the bank under the direction and supervision of the comptroller and should sue for and collect all debts and claims belonging to the bank and deposit the proceeds with the State Treasurer, and " may sell all the real and personal property of such bank, banker, banking firm, banking and trust company or corporation, on such terms as the court shall direct." It is apparent from a reading of the act that the receiver is not created a quasi-assignee of the assets of the bank, but is a statutory receiver acting under the direction and by order of the comptroller and the court; and this being the case, it can not be held that the receiver is one having such title in him, or being such a quasi-assignee of the title, as that he could go beyond the jurisdiction in which he was appointed and bring suit in a foreign jurisdiction.

Our Civil Code (1910), § 9, provides that " The laws of other States and foreign nations shall have no force and effect of themselves within this State, further than is provided by the constitution of the United States, and is recognized by the comity of States. The courts shall enforce this comity, until restrained by the General Assembly, so long as its enforcement is not contrary to the policy or prejudicial to the interests of this State." The above section of the code is cited by the plaintiff in certiorari in support of his contention that the courts shall observe the principle of comity, " so long as its enforcement is not con-

trary to the policy or prejudicial to the interests of this State."
In *Screven* v. *Clark*, 48 *Ga.* 41, 42, this court held that " A re-
ceiver appointed by a chancellor to ' collect ' the effects belonging
to a corporation, a defendant in a suit pending in chancery, has
no authority to bring a suit in order to get possession of the ef-
fects, unless he be specially authorized to do so by order of the
chancellor; and if he bring such suit and fail to show the order,
he can not recover." In delivering the opinion in that case Mc-
Cay, J., said: " The rule is perhaps an arbitrary one, but it is,
nevertheless, well settled that a receiver has no right to sue with-
out express authority from the chancellor; his general authority
to collect and keep the assets is not sufficient to justify him in
bringing an action: Daniel's Chancery Practice, 1988 et seq. A
receiver is at last only an officer of the court, and the foundation
of the rule probably is, that it is always for the court itself to
determine whether it shall be dragged into litigation. At law,
the party having the legal right to sue is the proper party; and
if one comes suing for the property of another, he must show,
as part of his right to recover, the authority he has to come
into a court of law, asserting another's right. We think this fail-
ure to show any authority to sue is fatal to the case of the plain-
tiff below, and do not go into the other question argued." And
see *Council* v. *Brown*, 151 *Ga.* 564, 565 (107 S. E. 867), and
cases cited. No judgment or order of the court is shown in the
case before us, authorizing the receiver to sue; and the legislature
of Florida has not even endeavored to confer extraterritorial
power on the receiver to bring suit. Had it been the intention
or purpose of the legislature of the State of Florida to confer
such power, it would doubtless have done so by creating title
to the corporate assets in the receiver, and also by expressly con-
ferring the right to sue extraterritorially. But the statute of
Florida does not undertake to confer either of these powers, and
the receiver is therefore limited in his authority to the power
conferred on him by the statute in his own jurisdiction. See
High on Receivers (4th ed.), 271, § 239. See also the following
cases, where State courts refused, upon the ground of comity, to
recognize a foreign receiver suing upon a stockholder's liability:
Stockbridge v. Beckwith, 6 Del. Ch. 72 (33 Atl. 620) ; Hunt v.
Whewell, 122 Wis. 33 (99 N. W. 601) ; Moreau v. Dubellett,

(Tex. Civ. App.) 27 S. W. 503; Ayres *v.* Siebel, 82 Iowa, 347 (47 N. W. 989); Murtey *v.* Allen, 71 Vt. 377 (45 Atl. 752, 76 Am. St. R. 779); Finney *v.* Guy, 106 Wis. 256 (82 N. W. 595, 49 L. R. A. 486); Commercial Nat. Bank *v.* Motherwell Iron &c. Co., 95 Tenn. 172 (31 S. W. 1002, 29 L. R. A. 164); New Haven Co. *v.* Linden Co., 142 Mass. 349 (7 N. E. 773); Bank of North Am. *v.* Rindge, 154 Mass. 203 (27 N. E. 1015, 13 L. R. A. 56, 26 Am. St. R. 240); Fowler *v.* Lamson, 146 Ill. 472 (34 N. E. 932, 37 Am. St. R. 163); Tuttle *v.* Nat. Bank, 161 Ill. 497 (44 N. E. 984, 34 L. R. A. 750); Russell *v.* Pacific Co., 113 Cal. 258 (45 Pac. 323, 34 L. R. A. 747).

In Great Western Mining &c. Co. *v.* Harris, 198 U. S. 561 (25 Sup. Ct. 770, 49 L. ed. 1163), it was held: " A receiver is an officer of the court which appoints him; and in the absence of some conveyance or statute vesting the property of the debtor in him, he cannot sue in courts of a foreign jurisdiction, upon the order of the court appointing him, to recover the property of the debtor. Booth *v.* Clark, 17 How. 338. A receiver's right to sue in a foreign jurisdiction is not recognized upon principles of comity, as every jurisdiction in which it is sought by means of a receiver to subject property to the control of the court has the right and power to determine for itself who the receiver shall be, and to control the distribution of the funds realized within its own jurisdiction." In delivering the opinion of the court in that case Mr. Justice Day said: " The particulars of the suit in which the receiver was appointed are not very fully set forth, but enough appears to show that he was appointed in a suit to adjudicate and enforce liens and subject the property to the payment of the claims of creditors. In the brief of the learned counsel for complainant it is styled a ' general creditors ' and foreclosure suit." It does not appear that by the order of the court or otherwise there has been any *conveyance of the property and assets of the company* to the receiver [italics ours], nor has the corporation been dissolved, and the receiver made its successor, entitled to its property and assets. The minute books of the company in evidence do not show any authority by the corporation for the filing of this bill in the name of the Great Western Mining and Manufacturing Company or otherwise, although meetings were held after the appointment of the receiver.

Nor is our attention called to any statute vesting the title of the corporation in the receiver." And likewise, in the case before us, no order of any court of Florida is shown authorizing the suit in the Georgia court; nor does the Florida statute either put the title to the assets of the insolvent bank in the receiver, or authorize him to sue in a foreign court. As said in the case of Booth *v.* Clark, supra, "He has no extraterritorial power of official action; none which the court appointing him can confer, with authority to enable him to go into a foreign jurisdiction to take possession of the debtor's property; none which can give him, upon the principle of comity, a privilege to sue in a foreign court or another jurisdiction, as the judgment creditor himself might have done, where his debtor may be amenable to the tribunal which the creditor may seek." So it will be observed that the decision in Booth *v.* Clark rests upon the rule that the receiver's right to sue in a jurisdiction other than his own is not recognized upon principles of comity; and moreover, that the court which appoints him cannot vest in him authority to exercise his official duties as receiver beyond its jurisdiction. It will likewise be seen that the statutes of Florida do not confer such authority upon, nor vest such title in, the receiver.

There are cases, such as Relfe *v.* Rundle, 103 U. S. 222 (26 L. ed. 337), in which it was held that all of the property of the insolvent corporation was vested in the superintendent of insurance of the State, and his right to sue was upheld. In such cases his right to sue is not derived from the decree of the court, but because the title to the property is in the person suing. But such is not the case before us, where neither the court authorizes suit, nor renders judgment which may be given full faith and credit in this jurisdiction, as in Converse *v.* Hamilton, 224 U. S. 243, 257 (supra); nor the statute places the title in the receiver, nor contains such language as would constitute the receiver a quasi-assignee. See 1 Tardy's Smith on Receivers (2d ed.), 905, § 352. It is stated in Great Western etc. *v.* Harris, supra, that because of the doctrine declared in Booth *v.* Clark "the practice has become general in the courts of the United States, where the property of a corporation is situated in more than one jurisdiction, to appoint ancillary receivers in such separate jurisdictions," etc. It is further said that "It is true

that the ancillary receiverships are generally conducted in harmony with the court of original jurisdiction, but such receivers are appointed with a view of vesting control of property rights in the court in whose jurisdiction they are located. If the powers of a chancery receiver in the Federal courts should be extended so as to authorize suits beyond the jurisdiction of the court appointing him, to recover property in foreign jurisdictions, such enlargement of authority should come from legislative and not judicial action."

From a consideration of various authorities bearing upon the subject under consideration, and the statutes of Florida, I am of the opinion that the receiver in the present case had no authority either by order of any court of the State of Florida, the statutes of that State, or by the rule of comity between the States, or by giving full faith and credit to any judgment of the courts or statutes of Florida under the Federal constitution, to bring the present suit in the superior court of Chatham County Georgia.

The cases of Bank *v.* Kennedy, 84 U. S. 19 (21 L. ed. 554), and Converse *v.* Hamilton, supra, relied on by the majority of the court, are distinguishable from the present case. In the latter case it was said, among other things: " By the proceedings in the sequestration suit, had conformably to the laws of Minnesota, he [the receiver] became a quasi-assignee and representative of the creditors, was invested with their rights of action against the stockholders, and was charged with the enforcement of those rights in the courts of that State and elsewhere." It will be observed that there was no sequestration or other suit in the courts of Florida, as in the Converse case; nor do I think that the statute of Florida, standing alone, makes the receiver a quasi-assignee so as to authorize him to bring suit in the State of Georgia.

I reach the conclusion, from what has been said above, and from the authorities cited, that the judgment of the Court of Appeals is correct and should be affirmed. I am authorized by Mr. Chief Justice Russell to say that he concurs in this dissenting opinion.