·13222.   OLIVER *v.* BULLOCK, receiver.

BROYLES, C. J.  1. "While a chancery or statutory receiver cannot sue in the courts of a foreign jurisdiction by virtue of his appointment alone, he can do so when he is expressly authorized by statute to sue, or when he is expressly or by necessary implication vested with title, or when he is made a quasi-assignee or representative of creditors."

2. "A receiver appointed by the comptroller of Florida under the statute of Florida (Revised General Statutes of Florida, § 4162), to take charge of the assets and affairs of an insolvent bank in that State, can sue in the courts of this State to enforce the statutory liability of stockholders in such bank, the receiver being expressly authorized by said statute to 'sue for and enforce the individual liability of stockholders.'"

3. Under the above rulings of the Supreme Court in this case, rendered February 20, 1923 (*Bullock* v. *Oliver*, 155 *Ga.* 151), the former decision of this court therein (28 *Ga. App.* 446), reversing the judgment of the trial court, is vacated, and that judgment is now affirmed.

4. The request of the plaintiff in error, that this court now pass upon the special demurrers to the petition, inasmuch as only the general demurrer was considered by the Supreme Court and this court, is denied, since, under repeated rulings of the Supreme Court and of this court, questions not insisted upon, nor referred to in the argument, are treated as abandoned, and it is admitted by counsel for the plaintiff in error, in their written motion, that the questions raised by the special demurrers were not argued before this court, the questions arising upon the general demurrer "being conceded as determinative of the case."  *Judgment affirmed.  Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 10, 1923.

Complaint; from Chatham superior court — Judge Meldrim. December 21, 1921.

*Oliver & Oliver,* for plaintiff in error.

*Eugene Pollard,* contra.