**COMPANIA BANCARIA Y DE INVERSIONES, S. A., et al. v. BORDER NAT. BANK et al.　(No. 1657.)**

(Court of Civil Appeals of Texas. El Paso. Oct. 23, 1924. Rehearing Denied Nov. 6, 1924.)

1. **Appeal and error ⬅⟿719(8)—That conclusions of law not supported by findings of fact is fundamental error.**

　　That conclusions of law are not supported by findings of fact is fundamental error which may be considered without formal assignments.

2. **Trial ⬅⟿404(1)—Entire findings of trial court to be read and construed as whole.**

　　Entire findings of the trial court are to be read and construed as a whole.

3. **Appeal and error ⬅⟿931(1) — That construction of trial court's findings which will support judgment should be adopted.**

　　Where findings of trial court permit of more than one reasonable construction, that construction should be adopted which will support the judgment.

4. **Courts ⬅⟿9—Courts of Texas cannot enforce statute of Mexico.**

　　Courts of Texas cannot enforce statute of Mexico.

5. **Courts ⬅⟿9—If title of bankrupt property is placed in trustee by Mexican law, he may maintain suit therefor in courts of Texas.**

　　If by statutes of Mexico or by order of court in conformity to Mexican law, in appointment of trustee of bankrupt property, title to such property is placed in trustee, latter may maintain suit therefor in courts of Texas.

6. **Trial ⬅⟿404(2)—Conclusion of law held to embody both finding of fact and conclusion of law.**

　　Conclusion of law that foreign statute set out in findings does not vest trustee of bankrupt's property with title embodies both the finding of fact and the conclusion of law.

7. **Appeal and error ⬅⟿265(1)—Statement of facts not considered to determine correctness of finding, where no exception to finding taken.**

　　Court of Civil Appeals cannot consider statement of facts to determine correctness of findings of fact, where no exception is taken to findings.

8. **Appeal and error ⬅⟿265(1)—When finding that Mexican statutes did not place title of bankrupt estate in trustee, not excepted to, conclusion not disturbed.**

　　Whether Mexican statutes (Code of Commerce, art. 951, subds. 1, 11, articles 962, 970, 972, 1419, 1429, subds. 1, 11, 111, articles 1436, 1485) place title to bankrupt property in trustee (provisional syndic), is so doubtful that, where court found they did not, and no exception was taken, his conclusion that trustee cannot maintain action in Texas court for property located in Texas will not be disturbed.

9. **Garnishment ⬅⟿93—Omission to state name of court does not avoid writ.**

　　Omission in writ to state name of court issuing it does not avoid writ.

10. **Garnishment ⬅⟿223—Proper for decree to determine plaintiff was entitled to money, and not intervener.**

　　Where garnishee answered, admitting it held the money and praying court to determine whether money belonged to plaintiff or interveners, it was proper for decree to determine that plaintiff was entitled to money, though disposing of intervener's claim against garnishee.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by the Chihuahua & Orient Railroad against the Juarez Banking & Investment Company of Mexico, in which the Border National Bank of Texas was garnished, and in which certain other parties intervened. Judgment for plaintiff against defendant, granting relief prayed for, and the Compania Bancaria y de Inversiones, S. A., and others appeal. Affirmed.

Jones, Hardie & Grambling, of El Paso, for appellant.

Whitaker & Peticolas and D. E. Mulcahy, all of El Paso, for appellee.

HARPER, C. J. This action was instituted in the Forty-First district court of El Paso county, Tex., by the Chihuahua & Orient Railroad against the Juarez Bank-

ing & Investment Company to recover the sum of $8,702.02 Mexican money. Tried before court without a jury, and he made and filed the following "findings of facts" and "conclusions of law":

### "Findings of Fact.

"On the 18th day of November, 1922, the plaintiff being indebted to the Mexican National Railway Lines of Mexico, purchased from the defendant, Juarez Banking Company, a cashier's check payable to the said Mexican National Railway Lines of Mexico. That said date was on Saturday. The following Monday was a national holiday in Mexico, and on Tuesday the said Juarez Banking Company closed its doors. The said check was delivered by plaintiff to the payee thereof, but same was never paid, and plaintiff paid the amount thereof to the Mexican National Lines, and the check was returned to plaintiff.

"A few days after the purchase of the check the defendant, Juarez Banking Company, filed its voluntary petition to be adjudged a bankrupt in the civil court of Bravos district, Cuidad Juarez, Chihuahua, United Mexican States. On the 21st day of November, 1922, the said court declared the condition of the said Juarez Bank to be one of bankruptcy, and appointed Fausto E. Miranda provisional trustee, or, according to Mexican terminology "provisional syndic," and ordered that the holdings, books, correspondence, and documents of the debtor institution be secured and delivered to the provisional trustee or receiver as the law required, and provided for an order to the post office administration that there be delivered to said receiver the correspondence of the bankrupt company, and forbade the debtor to make payment, and ordered it to make delivery of the holdings of the said business under notice of second payment.

"On the same day Fausto E. Miranda accepted the trust, and made oath to faithfully and lawfully discharge the said office.

"At the time of the institution and adjudication of bankrupt in the Mexican court, the said Juarez Banking Company had on deposit with the Border National Bank of El Paso, Tex., the sum of $2,500, the purpose of the deposit being to indemnify H. E. Christie and W. C. Harvie, officials of said Border Bank, from liability on a garnishment bond which they had theretofore signed for the defendant, Juarez Banking Company.

"The Chihuahua & Orient Railroad, on the 1st day of February, 1923, filed this suit to recover from the defendant, Juarez Banking Company, the amount of said check, and thereafter sued out a writ of garnishment directed against the Border National Bank. The Border National Bank filed an answer, as shown by the record herein, and subsequently two other writs of garnishment were sued out by plaintiff against said Border National Bank. These several garnishment writs the Border National Bank answered as shown by the record. The writs of garnishment were all subsequent in date to the appointment of Fausto E. Miranda as provisional syndic, and one of them, at least, was subsequent to the intervention of the said Miranda in said capacity in this cause.

"The plaintiff is and was at all times a corporation organized under the laws of the United States of Mexico, as was likewise the defendant, Juarez Banking Company.

"The following are applicable provisions of the Code of Commerce, of Mexico:

"'Art. 951. The declaration of bankruptcy shall be made;

"'I. When the insolvent himself requests it.

"'II. On the properly grounded petition of a legitimate creditor.

"'Art. 962. Once the bankruptcy is declared the bankrupt shall retain the full control of the administration of the property which is not susceptible of attachment, and the administration of the personal property of his children and wife, provided the latter has not secured the separation of her own from his. As regards all other property, present and future, he loses the administration in favor of the estate, and keeps the control, but strictly limited, in conformity with the provisions of this Code.

"'Art. 970. The bankrupt cannot appear in suits at law, either as plaintiff or as defendant, with the object of furthering the interests of the creditors, and he can only bring those actions which relate to his person, or have for their object rights inherent in same. Those actions which may be undertaken in connection with the property of the bankrupt must be instituted against the syndicate, with whom the bankrupt may be joined provided that the permission of a majority of the votes of the creditors be obtained for the purpose.

"'Art. 972. The administration which he loses and the modifications of ownership which the bankrupt suffers in conformity with article 962, pass to the estate. This shall be represented by the receiver who receives, by virtue of his appointment, all the powers of the holder of a general power of attorney, without any more limitations than those specified in this book.

"'Art. 1419. The provisional syndic shall limit himself to receiving the business with its books and belongings, suspending all payments, except current ones, rents, wages of employees, and minor expenses, and he cannot effect sales except for cash and at the market price.

"'Art. 1429. If the proceedings in bankruptcy have been commenced either at the instance of the debtor or through any of the causes expressed in article 1415, clause 11, the judge shall prepare a decision which shall contain:

"'I. The appointment of the provisional syndic and intervener and the order to secure the properties, books, correspondence and documents of the debtor, as well as an order to the post office to deliver the debtor's correspondence to the syndic.

"'II. A prohibition to the common debtor not to make payments or receive effects, and an order to him to deliver the properties of his business to the syndic, under the liability to make a second payment in the first case and a declaration, in the second case, that the debtor is guilty of concealment.

"'III. An order to publish the decision three consecutive times in the official periodical of the state or district or federal territory, and to register same in the Commercial Register.

"'Art. 1436. The syndic shall proceed to take over the goods as they are inventoried, and for this purpose he shall daily sign the in-

ventory, which shall be made out in duplicate; the original shall be attached to the record of the proceedings, and the duplicate shall remain in the possession of the syndic, for his protection.

" 'Art. 1485. The debtor and his creditors not coming to any arrangement, the syndic, assisted by the intervener, shall administer upon the terms of this book and of the preceding one, the property of the common debtor, proceeding to the liquidation of the said property and to the ranking of the credits.'

"Mexican pesos such as were called for by the cashier's check herein, were of the value at all times relevant in this case, of 48 cents in American money.

"The intervener, Ramundo Garcia, had no title to the funds in controversy, the transfer to him by Miranda as provisional syndic being merely colorable.

### "Conclusions of Law.

"(1) The bankruptcy laws of Mexico have no force or effect beyond her border. Weider v. Maddox, 66 Tex. 372, 1 S. W. 169, 59 Am. Rep. 617.

"(2) The laws of Mexico, as introduced, do not vest the provisional syndic with title to the property of the bankrupt.

"(3) In order for a foreign receiver to recover property belonging to a bankrupt estate in Texas the law of the foreign jurisdiction appointing such receiver must confer title upon him.

"(4) Under the answer of the Border National Bank admitting the indebtedness to the defendant, the plaintiff is entitled to have its lien established thereon and foreclosure."

The court entered judgment for the plaintiff against the Juarez Banking & Investment Company, for the amount sued for to be payable, however, only out of such funds as were impounded by the writ of garnishment, and that the trustee Miranda and Garcia take nothing by their pleas in intervention against the Border National Bank. From which both interveners appealed.

There were no assignments of error filed in the trial court; for that reason the appellee objects to consideration of the propositions upon which this appeal is predicated, and for the further reason that they do not suggest fundamental error or error apparent upon the face of the record which may be considered without formal assignments.

[1] Since the points urged are that the conclusions of law are not supported by the findings of fact we conclude that if error it is fundamental.

First proposition:

"Where a Mexican corporation has gone into bankruptcy in Mexico, under the laws of Mexico, and a temporary trustee (sindico provisional) has been appointed in accordance with the laws of Mexico, such temporary trustee is entitled to recover funds on deposit in a National Bank in Texas as against a Mexican corporation garnisheeing the bank upon a claim arising out of transactions which took place in Mexico, and a court of Texas will not extend its comity to aid the Mexican corporation in securing a preference over other Mexican creditors of the bankrupt."

[2, 3] The rule of construction applicable here is that the entire findings of the trial court should be read together and construed as a whole, and when they permit of more than one reasonable construction that construction should be adopted which will support the judgment. Elder Dempster & Co. v. Weld-Neville Cotton Co. (Tex. Com. App.) 231 S. W. 102.

The question for decision is whether Mexico receiver could intervene to recover in a court of this state the moneys held by the Border National Bank of El Paso, Tex., as the property of the Juarez Banking Company, bankrupt.

[4, 5] The trial court concludes as a matter of law that "the bankruptcy laws of Mexico (translations of which are copied in his findings of facts) have no force or effect beyond her border," and further that they "do not vest title to the property of the bankrupt in the trustee."

The first conclusion would seem to be immaterial, because it is evident that the courts of Texas cannot enforce a statute of Mexico, but the second conclusion is one of the tests adopted by our courts to determine whether the trustee may maintain his suit in our courts. If by the statutes or by the order of the court in conformity to law in the appointment of the trustee the title to the property of the bankrupt is placed in the trustee, he may maintain a suit therefor in the courts of Texas. Bullock v. Oliver, 155 Ga. 151, 116 S. E. 293, 29 A. L. R. 1484; Great Western v. Harris, 198 U. S. 561, 25 S. Ct. 770, 49 L. Ed. 1163; 23 R. C. L. 141, § 150.

[6] We note that the court did not make the definite independent finding of fact that the laws of Mexico did not place the title to the property in the trustee, but he simply copies the articles of the statutes which he declares are "applicable provisions of the Code of Commerce of Mexico," which is in fact a finding of the evidence, and not the specific fact. But the conclusion of law embodies both the finding of fact and the conclusion of law.

[7-8] Appellee, in his statement appended to his proposition, copies certain testimony of a Mexican lawyer, which is to the effect that the laws of Mexico do confer title in the trustee to the property of the bankrupt, but since there is no exception to the findings of fact this court cannot consider the statement of facts with a view to determine whether the findings be correct. Pugh v. Werner (Tex. Civ. App.) 166 S. W. 698. And there may have been other evidence considered which aided the trial court in arriving at his conclusion, so in view of this fact and the further fact that this court is

of the opinion that the statutes copied do not clearly place the title in the trustee, but their meaning and effect are doubtful, we approve the conclusion of the trial court that the latter cannot maintain his action for the recovery.

[9] The second proposition:

"A writ of garnishment, which does not state anywhere in it the court out of which it is issued cannot be amended so as to be of any effect but same is void."

Such omission would not make it void. Reinertsen v. Bennett et al. (Tex. Civ. App.) 185 S. W. 1027. But if it did, another writ was issued which was in all respects complete, even though they could question it without replevying. Wasson v. Harris (Tex. Civ. App.) 209 S. W. 759.

[10] Third proposition:

"So much of the judgment rendered by the court seeking to adjudicate the rights of Fausto E. Miranda, sindico provisional, and the Juarez Banking & Investment Company, as against the Border National Bank, is erroneous, in that the Border National Bank was never cited to answer any such claims, and no issue had been joined as to such matters, and the court should have dismissed any such claims and should not have rendered judgment in favor of the Border National Bank upon such claim."

The answer to this is that this is a suit by which the money was impounded by writ of garnishment. The garnishee, Border National Bank, answered that it was a stakeholder, and prayed that the court determine to whom the money belonged. The court did so, and this effectually disposed of intervener's claim against the garnishee.

Affirmed.